FILED 31 JUL '24 10:25 USDC-ORP

Preston Berman
2600 Center St. NE
Salem, OR 97301-2669
Telephone: 503.945.2800

Plaintiff, appearing Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **PRESTON BERMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**PSYCHIATRIC SECURITY REVIEW BOARD;**<br>**ALISON BORT,** in her official capacity as<br>Executive Director of the Oregon Psychiatric<br>Security Review Board<br><br>Defendant, | Case No: 6:24-cv-1127 MK<br><br>REQUEST FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTION |

I, Preston Berman, hereby declare under penalty of perjury that the following is true and correct:

Preston Jacob Berman, the Plaintiff in the above captioned case, respectfully requests that this Court issue a Temporary Restraining Order (TRO) and an emergency injunction against the Defendants, Psychiatric Security Review Board (PSRB) and Alison Bort, based on the following grounds:

PAGE 1

REQUEST FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTION

## INTRODUCTION

1. Plaintiff, Preston Berman, is currently under the jurisdiction of the Oregon Psychiatric Security Review Board (PSRB) and confined at the Oregon State Hospital (OSH). The Plaintiff alleges discrimination under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., due to unnecessary segregation and institutionalization, despite being assessed as having a low risk of fire setting recidivism and being suitable for community-based treatment.

## FACTUAL BACKGROUND

2. Plaintiff has been under the PSRB jurisdiction since 2010 following an insanity defense adjudication. Plaintiff has demonstrated significant personal growth and stability, as evidenced by a fire setting risk assessment indicating a low risk of fire setting recidivism. Despite these assessments, the PSRB continues to confine Plaintiff in a highly restrictive environment at OSH, thereby violating Title II of the ADA which mandates services in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

## LEGAL GROUNDS FOR TRO AND EMERGENCY INJUNCTION

3. Title II of the ADA prohibits discrimination on the basis of disability by public entities, including the unnecessary segregation of individuals with disabilities. ORS § 161.346(1)(a) requires the PSRB to discharge a person from commitment if they are no longer affected by a qualifying mental disorder, or if still affected, no longer present a substantial danger to others. The Plaintiff no longer presents a substantial danger to others even when his condition is active as evidenced by recent professional evaluations. Pursuant to Rule 65(b)

of the Federal Rules of Civil Procedure and Local Rule 65.1(a), Plaintiff seeks immediate relief from the Court to prevent further irreparable harm.

## IRREPARABLE HARM

4. Plaintiff is suffering irreparable harm by being subjected to unnecessary and illegal segregation. This confinement is causing severe emotional distress and hindering Plaintiff's potential for rehabilitation and community reintegration.

## LIKELIHOOD OF SUCCESS ON THE MERITS

5. Plaintiff has a high likelihood of success on the merits of the ADA claim, as the evidence clearly shows that Plaintiff is being unnecessarily segregated in violation of the ADA. Additionally, the Plaintiff meets the criteria for discharge under ORS § 161.346(1)(a).

## BALANCE OF EQUITIES

6. The balance of equities favors granting the TRO and emergency injunction. The harm to Plaintiff from continued segregation outweighs any potential harm to the Defendants from being required to comply with ADA requirements and state law mandates.

## PUBLIC INTEREST

7. Granting the TRO and emergency injunction is in the public interest as it upholds the principles of the ADA, promotes non-discrimination, and supports the rights of individuals with disabilities to live in the least restrictive environment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Temporary Restraining Order enjoining Defendants from continuing to segregate Plaintiff in a highly restrictive institutional setting and requiring them to implement a plan for Plaintiff's transition to a community-based setting with his family in Windermere Florida. Exhibit A is a plan for Mr. Berman to have wraparound mental health care in Florida.

2. Order Defendants to provide Plaintiff with services, programs, and activities in the most integrated setting appropriate to Plaintiff's needs.

3. Issue an emergency injunction ordering the PSRB to discharge Plaintiff pursuant to ORS § 161.346(1)(a) on the grounds that Plaintiff no longer presents a substantial danger to others, regardless of his mental health condition.

4. Grant any other relief that the Court deems just and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: July 26, 2024.

Respectfully submitted,

*Preston Berman*

Preston Berman
2600 Center St. NE
Salem, OR 97301-2669
Telephone: 971.945.2800

Plaintiff, appearing Pro Se

PAGE 5

REQUEST FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTION