ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
        James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>   Plaintiff,<br><br> v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>   Defendants. | Case No.  6-24-cv-01127-MK<br><br>MOTION TO DISMISS |

## LR 7-1 CERTIFICATION

Pursuant to L.R. 7-1, counsel for defendants Psychiatric Security Review Board ("PSRB" of "Board") and Alison Bort certifies that they have made a good-faith effort to confer with *pro se* plaintiff's counsel concerning the motion presently before the court. Correspondence was exchanged regarding a settlement proposal and counsel provided a draft copy of the motion to

Page 1 -   MOTION TO DISMISS
   JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff for review on August 20, 2024. The parties have been unable to resolve their differences.

## MOTION

Defendants move this Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order (1) dismissing this action. Plaintiff has failed to exhaust his remedies and fails to state a claim for either a violation of the American Disabilities Act or for violation of Due Process under the 14th Amendment.

This motion is supported by the accompanying *Memorandum of Law in Support of Motion to Dismiss.*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## MOTION

Defendants PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board move for judgment dismissing all of Plaintiff's claims for relief against them for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff's claims against the Defendants stem from his belief that he should be given a conditional release and discharged to a community facility with fewer restrictions. Plaintiff claims his continued confinement at the Oregon State Hospital is a violation of the American Disabilities Act, 42 U.S.C. § 1983 12131 *et seq* and that changing an administrative rule OAR 859-010-0005 deprived him of Due Process under the 14th Amendment and 42 U.S.C.§ 1983.

The claims directed against the Defendants cannot be sustained. Plaintiff failed to exhaust his remedies for applying for a conditional release and the State has not waived its immunity under the 11th Amendment.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## POINTS AND AUTHORITIES

### I.    FACTS

Plaintiff was convicted of arson, burglary and reckless burning in 2010, and deemed Guilty Except for Insanity. (Ex. 1 attached to the Declaration of Jill Schneider.). At his initial hearing before the Psychiatric Security Board in March 2011, he stipulated to the Board's jurisdiction and did not submit any release requests. (Ex. 2, Schneider Decl., *also see* ORS 161.341). At his two-year hearing required under ORS 161.341, he rested on the record as to jurisdiction, and again made no release requests. (Ex. 3, Schneider Decl.). A year and a half later, Plaintiff requested a hearing and stipulated to a mental disorder, but denied he should be considered dangerous. He requested a full discharge or conditional release, under OAR 859-070-0010. His request was denied. (Ex. 4, Schneider Decl.).

The Psychiatric Security Review Board (PSRB) is a state agency, composed of part-time members drawn from different disciplines, to conduct periodic hearings to determine the placement and supervision of defendants who successfully raise the insanity defense and remain mentally ill and dangerous. It was created by legislative action in July1977. *See* ch. 380, 1977 Or. Laws 318. It is now included in Chapter 161 of the Oregon Code, and governed by ORS 161.385-405.

In December 2015, the Oregon State Hospital requested a step down in supervision, and the Board conditionally released him to an unlocked residential treatment home. (Plaintiff's Compl., ¶ 18). After success with the diminished supervision, in 2018 the Board permitted his provider to approve short trips to Florida. (*Id.*, ¶22). Six months later, Plaintiff was allowed to live in his own apartment, with intensive case management. (*Id.*, ¶223). The decrease in supervision was not successful.  In October 2019, Plaintiff suffered a mania episode, was hospitalized, and returned to the Oregon State Hospital. (*Id.*, ¶¶ 28-30). At his revocation hearing in November 2019, Plaintiff again stipulated to a mental disorder and again contested

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

any finding that he was a danger to himself or others. (Ex. 5, Schneider Decl). He requested a full discharge or an order for an evaluation for conditional release. (*Id.*).

In June 2020, the Oregon State Hospital evaluated Plaintiff and requested a conditional release hearing for him. The Board conditionally released Plaintiff to an unlocked residential treatment home. (Ex. 6, Schneider Decl.). A year later, in June 2021, the Board approved release to Plaintiff's apartment with intensive case management. (Ex. 7, Schneider Decl.)

In October 2021, Plaintiff absconded from his supervision, and began to smoke while on a plane. (*Id.*, ¶31). His conduct was sufficiently disturbing that the plane was forced to re-route to Denver. (*Id.*, ¶32). Plaintiff was taken into police custody in Colorado, and returned to Portland only after the Board was able to coordinate his extradition with Oregon and Colorado law officials.

He was re-admitted to the Oregon State Hospital in November 2021, and at his revocation hearing the same month, he again stipulated to the Board's jurisdiction, and filed no requests for release. (Ex. 8, Schneider Decl.). At his two-year Revocation Hearing in October 2023 pursuant to ORS 161.341, he stipulated to the Board's jurisdiction again, and again sought no releases. (Ex. 9, Schneider Decl.). The Board found him to be unsuitable for a conditional release at this time. (*Id.*).

Plaintiff could have appealed the Order under ORS 161.341 and OAR 859-070-0010. He did not. He could have applied for a conditional discharge six months after his last hearing on October 18, 2023, or April 18, 2024. He did not. Instead, Plaintiff filed this action. Plaintiff has failed to exhaust his administrative remedies. If Plaintiff does not request a hearing under ORS 161.346, the Board will hold another 2-year evaluation within 60 days of October 18, 2025.

## II.    FRCP 12(b)(6) Standards

A claim must be dismissed when it "fail[s] to state a claim upon which relief can be granted."  FRCP 12(b)(6). The facts alleged in the complaint must amount to a claim for relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

marks omitted). A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* In sum, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

On a motion to dismiss for failure to state a claim, a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, to assess the complaint's adequacy, a court may begin by identifying those allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678 (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In other words, this Court "need not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted).

### III.    Petitioner's failure to exhaust his administrative remedy precludes this Court's jurisdiction over the First Count.

The process available to Plaintiff to object or appeal a decision made by the Board is statutory. *See* ORS 161.290 *et seq*. Moreover, jurisdiction of that final order is in the Court of Appeals. ORS 656.348. Pursuant to OAR 89-050-0015(8), Plaintiff was provided notice of how to request hearings regarding requests for conditional discharge and release: "Notice of administrative hearings is given to the parties and the district attorney in the county where the GEI was adjudicated, persons who have requested notice and known victims who have requested hearing notice and have a current address on file with the Board. For purposes of this rule, the parties will receive a complete exhibit file containing a minimum of: recent progress reports; a report or correspondence with the treatment provider and, if applicable; a community conditional

Page 5 -    MOTION TO DISMISS
JS/s5h/966465644

release plan." At his mandatory two-year Revocation Hearing in October 2022, Plaintiff did not ask for any releases. Thus, there was no order to appeal. Plaintiff has not asked for a hearing, despite his ability to do so, in April of 2023.  He has failed to exhaust his administrative remedies.

Oregon's Supreme Court has explained, "[t]he general doctrine of exhaustion of administrative remedies is judicially created, a creature of the common law, and employed by the courts * * * in the interest of orderly procedure and good administration." *Tuckenberry v. Board of Parole*, 365 Or 640, 646, 451 P.3d 227 (2019). When an agency provides a process for raising issues to it, the doctrine requires a party to present the issue to the agency through that process <u>before</u> a court will consider it. *Id.* Defendant Psychiatric Security Review Board has provided the process on how to request a hearing before the Board. He cannot skip over that process and pretend it did not exist, or does not apply to him.

The exhaustion of administrative remedies is a prerequisite to a challenge to an administrative scheme. *Trujillo v. Pac. Safety Supply*, 336 Or 349, 367–68 (2004), *citing Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 661; *Mullenaux v. Dept. of Revenue*, 293 Or 536, 539 (1982). As the *Outdoor Media* court stated, "[t]he doctrine of exhaustion applies when a party, **without conforming to the applicable statutes or rules**, seeks judicial determination of a matter that was or should have been submitted to the administrative agency for decision." 331 Or at 661 (emphasis supplied).

The exhaustion doctrine requires that a party properly raise issues before the administrative agency and that the party timely and adequately address the merits of the dispute before the agency. *Mullenaux*, 293 Or at 540–41. A party does not exhaust his or her administrative remedies "simply by stepping through the motions of the administrative process without affording the agency an opportunity to rule on the substance of the dispute." *Id*. at 541.

There is no point in providing for administrative hearings if those to be affected by administrative actions do not avail themselves of the hearings within the framework of the

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

agency's rules in order to present to the administrative body for decision those issues they deem important. Otherwise, judicial review would cease to be review and would become judicial administrative action, or judicial legislation. *Stanbery v. Smith*, 233 Or 24, 33 (1962). Allowing Plaintiff to proceed in this forum against the Defendants, after he failed to abide by relevant administrative rules for requesting a conditional discharge, would amount to a nullification of both the statues and the administrative rules.

## IV.    The construct of the Psychiatric Security Review Board does not violate the American Disabilities Act.

Plaintiff attempts to rely on *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999) to assert he is unfairly being confined to a segregated environment with others with disabilities instead of in a community setting. He claims that his placement at the Oregon State Hospital is a violation of American Disabilities Act. This argument misunderstands the *Olmstead* decision. The *Olmstead* court was very clear that "[n]othing in the ADA or its implementing regulations condones termination of institutional settings for persons unable to handle or benefit from community settings. *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 601–02 (1999). Twice, Plaintiff was conditionally released to community settings, and failed to benefit from them.  He was returned to the Oregon State Hospital after suffering a manic episode, and reporting himself to be suicidal in 2019.  In 2021, he "escaped" from supervision, refused to stop smoking on an airplane (he was convicted in 2010 of two counts of arson), forcing the plane to re-route, subjecting himself to criminal proceedings, and requiring extradition from Colorado to Oregon.

A State generally may rely on the reasonable assessments of its own professionals in determining whether an individual "meets the essential eligibility requirements" for habilitation in a community-based program. "Absent such qualification, it would be inappropriate to remove a patient from the more restrictive setting." *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 601–02. Plaintiff's treating physicians are not convinced that Plaintiff is ready – yet – to attempt a less- restrictive environment. As most recent as two months ago, in June 2024, his physician noted only that "[Plaintiff] **will** progress toward conditional release and has been open to

Page 7 -    MOTION TO DISMISS

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

considering various placements, but also requests consideration of continued PSRB jurisdiction." (Plaintiff's Compl., p. 40., emphasis supplied). A month earlier, his physician observed "There are questions that I have and am certainly mulling with regard to dangerousness, etc. as I described above, it is a complicated consideration." (Plaintiff's Compl., p. 47).

In sum, Plaintiff is experiencing the kind of individualized approach to the consideration of place most suited for treatment of his issue. So long as states are genuinely and effectively in the process of deinstitutionalizing disabled persons "with an even hand," courts should not interfere. *Arc of Washington State Inc. v. Braddock*, 427 F.3d 615, 620 (9th Cir. 2005) (upholding program integrating disabled persons into the community, which was available to every disabled person capable of profiting from deinstitutionalized care once space opened up) and *citing Olmstead*, 527 U.S. at 605–06, 119. Plaintiff acknowledges he was provided the opportunity to "profit from deinstitutionalized care" on multiple occasions. He proved unable to handle those opportunities. The oversight provided by the Psychiatric Security Review Board does not violate the American Disability Act.

## V.    Plaintiff's Second Claim should be dismissed because the State has not waived its immunity under the Eleventh Amendment.

Under state sovereign immunity, state agencies cannot be sued in federal court because such suits are "in fact against the state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). In other words, "a suit in which the State *or one of its agencies* is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (emphasis supplied).  PSRB is an administrative agency for the State of Oregon, and governed by Oregon law. *See Romanov v. Psychiatric Sec. Rev. Bd.*, 179 Or. App. 127, 130 (2002).

Further, "the eleventh amendment bars suits in federal court, for both prospective and retrospective relief, brought against state officials acting in their official capacities alleging a violation of state law." *Legacy Health v. Hoyle*, No. 3:22-CV-00573-HZ, 2023 WL 34692, at *5 (D. Or. Jan. 3, 2023) *citing Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992). Thus, as Oregon has not consented to be sued in federal court, PSRB and its officials are not proper defendants in

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

this case. Plaintiff's Second Claim, which is brought against PSRB and its director alleging

violation of an agency rule, must be dismissed.

**VI.    Plaintiff was not deprived of the Due Process rights provided by the 14th Amendment.**

Alternatively, for a person to be subject to PSRB's jurisdiction, they must have a

"qualifying mental disorder" which causes them to present a "substantial danger to others." See

ORS 161.351(1)2 ("Any person placed under the jurisdiction of the Psychiatric Security Review

Board under ORS 161.315 to 161.351 shall be discharged at such time as the board, upon a

hearing, finds by a preponderance of the evidence that the person is no longer affected by a

qualifying mental disorder or, if so affected, no longer presents a substantial danger to others that

requires regular medical care, medication, supervision or treatment."). The administrative rules

applicable to PSRB define "substantial danger" in OAR 859-010-0005(8). ("Danger";

"Substantial Danger"; or "Dangerousness" means a risk that the person will inflict injury or harm

to others. Evidence may include information about historical patterns of behavior, recent

behavior, or verbal or physical threats, which have caused injury or harm or would place a

reasonable person in fear of sustaining injury or harm. This determination does not require an

imminent risk of injury or harm to others.")

Previously, OAR 859-010-0005(8) connected the danger to the person: (" 'Substantial

Danger' * * * means a demonstration or previous demonstration of intentional, knowing,

reckless or criminally negligent behavior which places others at risk of physical injury because

of the person's qualifying mental disorder.")

Plaintiff objects to the modification of OAR 859-010-0005(8) because it no longer

requires a causal link ("because of") between a person's disability or qualifying mental disorder

and intentionally reckless or criminally negligent behavior.  He claims this change in rules

subjects him to indefinite detention, and "arbitrary and unjustified deprivation of his liberty."

Plaintiff's due process argument fails for two reasons. First, Plaintiff is not subjected to

indefinite detention. His right to a discharge from PSRB's jurisdiction is provided by statute,

Page 9 -    MOTION TO DISMISS
JS/s5h/966465644

which has not changed. ORS 161.351 provides that any person placed under the jurisdiction of the Psychiatric Security Review Board "**shall be** discharged at such time as the board, upon a hearing, finds by a preponderance of the evidence that the person is no longer affected by a qualifying mental disorder or, if so affected, no longer presents a substantial danger to others that requires regular medical care, medication, supervision or treatment." ORS 161.351, emphasis supplied. Plaintiff is guaranteed a hearing every two years, for a determination if he merits a conditional discharge or release. ORS 161.341(6)(b). In addition to the mandatory hearing every two years, Plaintiff can request a conditional release, to be determined through a hearing, every six months under OAR 859-070-0015(3). Plaintiff's right to due process to determine if he is eligible for a conditional discharge or release remains unchanged.

The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' *Latif v. Holder*, 28 F. Supp. 3d 1134, 1147 (D. Or. 2014), citing *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976); *Villa–Anguiano v. Holder,* 727 F.3d 873, 881 (9th Cir.2013). Plaintiff's right to be heard at a meaningful time and in a meaningful manner remains unchanged by the modification to OAR 859-010-0005(8).

Second, the modification to the administrative rule does not subject Plaintiff to "arbitrary and unjustified deprivation." It remains the PSRB's duty to establish by a preponderance of evidence that Plaintiff does not qualify for discharge or conditional release, when the determination arises during the two-year mandatory hearing. ORS 161.341(4). If Plaintiff chooses to apply six months after his last hearing, then it will be his burden to prove by a preponderance of the evidence he qualifies for a discharge or conditional release. *Id.* The standards[1] for qualification for a discharge or conditional release also remain unchanged under

---

[1] (3) Any person who has been committed to a state hospital, or to a secure intensive community inpatient facility, for custody, care and treatment under ORS 161.315 to 161.351, or another person acting on the person's behalf, may apply to the board for an order of discharge or conditional release upon the grounds:

(a) That the person is no longer affected by a qualifying mental disorder;

(b) That the person, if so affected, no longer presents a substantial danger to others; or

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

ORS 161.341; the modification to the administrative rule did not change the burden of proof or standards to qualify for a discharge or conditional release.

## CONCLUSION

The State has not waived its immunity under the Eleventh Amendment depriving this Court of jurisdiction over Plaintiff's claims. Plaintiff has not yet shown he could benefit from being placed in the community, although he continues to have – and exercise – the right to apply for a conditional release. Accordingly, the review process utilized by PSRB does not violate the American Disability Act. Finally, Plaintiff retains his Due Process rights to be meaningful heard in the voluntary and mandatory review processes afforded to him by PSRB regulations and procedures.  This case should be dismissed.

DATED August  20 , 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_____ *s/ Jill Schneider* _____
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.oregon.gov
James.Aaron@doj.oregon.gov
Of Attorneys for Defendants

---

(c) That the person continues to be affected by a qualifying mental disorder and would continue to be a danger to others without treatment, but that the person can be adequately controlled and given proper care and treatment if placed on conditional release.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000