ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
        James.Aaron@doj.oregon.gov

Attorneys for Defendants


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| Berman, Preston, | Case No.  6-24-cv-01127-MK |
| Plaintiff, | DECLARATION OF JILL SCHNEIDER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |
| v. | |
| PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board, | |
| Defendants. | |


I, Jill Schneider, hereby declare:

      1.      I am a Senior Assistant Attorney in the Trial Division of the State of Oregon

Department of Justice, and am counsel of record for defendants Psychiatric Security Review

Board and Allison Bort in this matter.


Page 1 -   DECLARATION OF JILL SCHNEIDER IN SUPPORT OF DEFENDANTS' MOTION
           TO DISMISS
           JS/s5h/966465644

2.      Attached to this declaration as **Exhibit 1** is a true and correct copy of the Judgment upon Finding of Guilty Except for Insanity.

3.      Attached to this declaration as **Exhibit 2** is a true copy of the Commit Order, dated March 3, 2011.

4.      Attached to this declaration at **Exhibit 3** is a true copy of the Commit Order, dated March 6, 2013.

5.      Attached to this declaration as **Exhibit 4** is a true copy of the Commit Order, dated August 13, 2014.

6.      Attached to this declaration as **Exhibit 5** is a true copy of the Commit Order, dated December 4, 2018.

7.      Attached to this declaration at **Exhibit 6** is a true copy of the Summary of Conditional Release Plan, dated May 12, 2020.

8.      Attached to this declaration as **Exhibit 7** is a true copy of the Order authorizing Modification, dated July 1, 2021.

9.      Attached to this declaration as **Exhibit 8** is a true copy of the Commit Order, dated January 6, 2022.

10.      Attached to this declaration as **Exhibit 9** is a true copy of the Commit Order, dated January 9, 2024.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED on August   20th  , 2024.


_____ *s/ Jill Schneider* _____
JILL SCHNEIDER
Senior Assistant Attorney General


Page 2 -    DECLARATION OF JILL SCHNEIDER IN SUPPORT OF DEFENDANTS' MOTION
        TO DISMISS
JS/s5h/966465644

RECEIVED
JAN - 7 2011
P.S.R.B.

*Melissa*

1

2

IN THE CIRCUIT COURT OF THE STATE OF OREGON

3

FOR THE COUNTY OF DESCHUTES

4

| THE STATE OF OREGON, | ) | |
|---|---|---|
| 5 | Plaintiff, | ) | Case Number: 10FE0206SF |
| 6 | v | ) | JUDGMENT UPON FINDING OF |
| | | ) | GUILTY EXCEPT FOR INSANITY |
| 7 | BERMAN, PRESTON JACOB, | ) | |
| | Defendant. | ) | |
| 8 | | ) | |

RECEIVED
DEC 0 9 2010
DESCHUTES COUNTY
DISTRICT ATTORNEY

9

10    This matter came before the above entitled Court on 12/8/2010, before the Honorable THOMAS A.

11    BALMER, Court Judge; defendant appearing in court in person and with his/her attorney, REID KAJIKAWA, and

the State of Oregon appearing by BRANDI SHROYER, (Deputy) District Attorney for Deschutes County; and

12    IT APPEARING TO THE COURT that prior hereto, the defendant entered a plea of not guilty to the

13    charge(s) of COUNT 2: ARSON-1, COUNT 3: BURGLARY-2, COUNTS 4 THROUGH 21: RECKLESS BURNING ; and

14    IT FURTHER APPEARING TO THE COURT that the defendant has given notice of intent to rely on

15    evidence of mental disease or defect as an affirmative defense; and

16    IT FURTHER APPEARING TO THE COURT that based upon the written stipulated facts agreed to by the

17    parties, the reports of Dr. Mandi Davies and Dr. Robert Stanulis, the stipulation of counsel, and the records and

18    files herein; and the court being fully advised in the premises, finds the above named defendant able to

19    understand the nature of the charge(s) against him/her and to assist and cooperate with counsel and

20    participate in his/her defense; and

21    IT FURTHER APPEARING TO THE COURT that on 12/8/2010, the matter came to trial before the court,

22    the defendant having waived his/her right to trial by jury in writing; and the court having heard the evidence of

23    the State and the defendant by stipulation, and being fully advised in the premises

24    THE COURT HEREBY FINDS:

25    That the defendant, BERMAN, PRESTON JACOB, committed the act(s) alleged in count(s) 2 THROUGH

26

PSRB # 10-2505
Exhibit # 1
Page 1 of 2

1CR 74 – JUDGMENT UPON FINDING OF GUILTY EXCEPT FOR INSANITY – Page 1 of 2

Exhibit 1
Page 1 of 2

1   21 of the indictment constituting the crime(s) of COUNT 2: ARSON-1, COUNT 3: BURGLARY-2, COUNTS 4

2   THROUGH 21: RECKLESS BURNING;

3      That, based on the reports of Dr. Mandi Davies and Dr. Robert Stanulis , that the defendant is affected

4   by a mental disease or defect,

5      That as a result of mental disease or defect at the time of engaging in criminal conduct, the defendant

6   lacked substantial capacity to conform his conduct to the requirements of law;

7      That the defendant would have been guilty of a felony, or a misdemeanor during a criminal episode in

8   the course of which the defendant caused injury or risk of physical injury to another;

9      That because of the defendant's mental disease or defect, he/she presents a substantial danger to

10  others, requiring commitment to a state mental hospital designated by the Addictions and Mental Health

11  Division of the Department of Human Services, and is not a proper subject for conditional release at this time.

12     IT IS HEREBY ORDERED AND ADJUDGED that the defendant, BERMAN, PRESTON JACOB, is guilty

13  except for insanity of the crime(s) of COUNT 2: ARSON-1, COUNT 3: BURGLARY-2, COUNTS 4 THROUGH 21:

14  RECKLESS BURNING; and

15     IT IS FURTHER ORDERED AND ADJUDGED that the defendant be placed under the jurisdiction of the

16  Psychiatric Security Review Board for care, custody and treatment for a maximum period of time not to exceed

17  20 year(s).

18     IT IS FURTHER ORDERED AND ADJUDGED that the defendant be, and he hereby is, committed to the

19  custody of the state mental hospital designated by the Office of Mental Health and Addiction Services of the

20  State of Oregon and that the Deschutes County Sheriff shall transport said defendant to said hospital forthwith.

21

              Circuit Court Judge THOMAS A. BALMER

22  Executive Director
23  Psychiatric Security Review Board
             December 8, 2010
  620 SW Fifth Avenue, Suite 907
24  Portland, Oregon 97204

25

26

PSRB # 10-2505
Exhibit # 1
Page 2 of 2

Exhibit 1
Page 2 of 2

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter | ) PSRB No. 10-2505 |
| | ) OSH No. 72843 |
| of | ) Deschutes County No. 10FE0206SF |
| | ) |
| PRESTON JACOB BERMAN | ) COMMIT ORDER |
| | ) |

This matter came before the Psychiatric Security Review Board on March 09, 2011, for a hearing pursuant to ORS 161.341(7)(a). Board members present were Jenna Morrison, P.P.O., Clifford Johannsen, Ph.D. and Kate Lieber, J.D., Chair. Preston Berman was present with his attorney, Harris Matarazzo; Assistant Attorney General Thomas Castle was present representing the State. The burden of proof as well as the burden of going forward was on the State.

At the outset of the hearing, the parties stipulated to the propriety of the Board's jurisdiction; that is, that Preston Berman was found guilty except for insanity of the crimes of Arson I, Burglary II and Reckless Burning (18 counts) and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Deschutes County Circuit Court Judge Thomas A. Balmer on December 08, 2010; that Mr. Berman is affected by a mental disease or defect and that when his illness is active he presents a substantial danger to others. Mr. Matarazzo then informed the Board that it was his client's desire to remain in the hospital for further treatment at this time. The State did not oppose.

The Board, having received twelve exhibits without objection and after considering all of the evidence admitted on the record, accepts as FINDINGS OF FACT the stipulations of the parties as set forth above. In addition, the Board FINDS AS FACT that Preston Berman could not be adequately controlled and treated in the community at this time. This finding is based upon the information contained in Exhibits 12, 11 and 9, as well as the representation of counsel at the outset of the hearing.

The Board CONCLUDES AS A MATTER OF LAW that:

PSRB # 10-2505
Exhibit # 13
Page 1 of 2

Page 1 – COMMIT ORDER – PRESTON JACOB BERMAN

Exhibit 2
Page 1 of 2

1.    Preston Berman, being affected by a mental disease or defect which, when active, renders him a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

2.    Preston Berman is not a proper subject for conditional release because he could not be adequately controlled and treated in the community and therefore it would not be in the best interest of justice and the protection of society to release him at this time.

IT IS HEREBY ORDERED, pursuant to ORS 161.341(1) that Preston Berman be committed to a state hospital designated by the Department of Human Services for care, custody and treatment.

This order may be appealed pursuant to ORS 161.385(9).

DATED this __23ʳᵈ__ day of _____March_____, 2011.



| SERVED BY MAIL ON: |
| MAR 24 2011 |
| P.S.R.B. |

_____
Psychiatric Security Review Board Member

Page 2 - COMMIT ORDER - PRESTON JACOB BERMAN

PSRB # 10-2505
Exhibit # 13
Page 2 of 2

Exhibit 2
Page 2 of 2

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | | |
|---|---|---|
| In the Matter | ) | PSRB No. 10-2505 |
| | ) | OSH PatID No. 81435 |
| of | ) | Deschutes County No. 10FE0206SF |
| | ) | |
| PRESTON JACOB BERMAN | ) | COMMIT ORDER |
| aka PRESTON BENNINGTON | ) | |

     This matter came before the Psychiatric Security Review Board on February 27, 2013, for a hearing pursuant to ORS 161.341(6)(b).  Board members present were Judy Uherbelau, Bennett Garner, M.D. and Kate Lieber, J.D., Chair.  Preston Berman was present with his attorney, Harris Matarazzo; Assistant Attorney General Lynn Larsen was present representing the State.  The burden of proof as well as the burden of going forward was on the State.

     In his opening statement, Assistant Attorney General Lynn noted the record supports jurisdiction.  Mr. Matarazzo rested on the record on the issue of jurisdiction and indicated that his client was not seeking a release option.

     The Board, having heard testimony and having received thirty-seven exhibits without objection, and after considering all the evidence admitted on the record, FINDS AS FACT that:

1.    Preston Berman was found guilty except for insanity of the crimes of Arson I, Burglary II and Reckless Burning (18 counts) and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Deschutes County Circuit Court Judge Thomas A. Balmer on December 08, 2010.

2.    Preston Berman is affected by a mental disease or defect as demonstrated by the underlying facts shown by the evidence, including the expert testimony of Simrat Sethi, M.D., at the hearing, as well as the information contained in the progress notes and mental health evaluations found in Exhibits 37, 35, 31, 15, 12, 9, 8 and 5, all of which contain a qualifying Axis 1 diagnosis.

3.    Preston Berman, without adequate supervision and treatment, would continue to present a substantial danger to others as demonstrated by the underlying facts shown by the evidence, including the expert testimony of Simrat Sethi, M.D., at the hearing, the circumstances surrounding the crimes of Arson I, Burglary II and Reckless Burning (18 counts) for which he was placed under the jurisdiction of

PSRB # 10-2505
Exhibit # 38
Page 1 of 2

Page 1 - COMMIT ORDER - PRESTON JACOB BERMAN aka PRESTON BENNINGTON

Exhibit 3
Page 1 of 2

the Psychiatric Security Review Board, as noted in Exhibit 4 as well as the information contained in Exhibits 7, 9, 12, 14-16, 18, 22, 23, 25-29, 32, 34, 35 and 37.

4.    The State sustained its burden of proving by a preponderance of the evidence that Mr. Berman continues to be affected by a mental disease or defect and continues to be a substantial danger to others and that he should not be discharged from the jurisdiction of the Board.

5.    Preston Berman could not be adequately controlled and treated in the community if he were conditionally released at this time. This finding is based upon the expert testimony of Simrat Sethi, M.D., at the hearing as well as the information contained in the Progress Note Updates in Exhibits 35 and 37 and the representation of counsel at the outset of the hearing.

The Board CONCLUDES AS A MATTER OF LAW that:

1.    Preston Berman, being affected by a mental disease or defect which, when active, renders him a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

2.    Preston Berman is not a proper subject for conditional release because he could not be adequately controlled and treated in the community and therefore it would not be in the best interest of justice and the protection of society to release him at this time.

IT IS HEREBY ORDERED, pursuant to ORS 161.346(1)(c) that Preston Berman be continued in commitment at a state hospital designated by the Oregon Health Authority for care, custody and treatment.

This order may be appealed pursuant to ORS 161.348.

DATED this _6th_ day of _March_____, 2013.

SERVED BY MAIL ON:

MAR - 7 2013

P.S.R.B.

_Kate B. Ju___

Psychiatric Security Review Board Member

PSRB # 10-2505
Exhibit # 38
Page 2 of 2

Page 2 - COMMIT ORDER - PRESTON JACOB BERMAN aka PRESTON BENNINGTON

Exhibit 3
Page 2 of 2

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | | |
|---|---|---|
| In the Matter | ) | PSRB No. 10-2505 |
| | ) | Deschutes County No. 10FE0206SF |
| of | ) | |
| | ) | |
| PRESTON JACOB BERMAN | ) | COMMIT ORDER |
| aka PRESTON BENNINGTON | ) | |

This matter came before the Psychiatric Security Review Board on July 30, 2014, for a hearing pursuant to ORS 161.341(3). Board members present were Elena Balduzzi, Psy.D., Judy Uherbelau and Kate Lieber, J.D., Acting Chair. Preston Berman was present with his attorney, Noel Grefenson; Assistant Attorney General Lynn Larsen was present representing the State. The burden of proof as well as the burden of going forward was on Mr. Berman.

At the outset of the hearing, the parties stipulated that Preston Berman suffers from a mental disease or defect. In his opening statement, Mr. Grefenson noted that his client had recently shown some improvement and noted that he did not believe the record supported a finding of substantial danger when Mr. Berman's disease was active. Based on those factors, Mr. Grefenson requested a discharge for his client from the Board's jurisdiction or, in the alternative, a finding by the Board that he was appropriate for conditional release. It should also be noted that Mr. Grefenson, on behalf of his client, previously waived his right to a timely hearing by requesting a continuance. Assistant Attorney General Larsen noted that the Board's jurisdiction was supported by the record and indicated that the State's position was that Mr. Berman should remain in the hospital.

The Board, having heard testimony and having received eighty-nine exhibits without objection, and after considering all the evidence admitted on the record, FINDS AS FACT that:

    1.    Preston Berman was found guilty except for insanity of the crimes of Arson I, Burglary II and Reckless Burning (18 counts) and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Deschutes County Circuit Court Judge Thomas A.

Page 1 - COMMIT ORDER - PRESTON JACOB BERMAN aka PRESTON BENNINGTON

PSRB # 10-2505
Exhibit # 90
Page 1 of 3

Exhibit 4
Page 1 of 3

1    Balmer on December 08, 2010.

2    2.    Preston Berman is affected by a mental disease or defect as demonstrated by the stipulation of the parties at the outset of the hearing.

3

4    3.    Preston Berman, without adequate supervision and treatment, would continue to present a substantial danger to others as demonstrated by the underlying facts shown by the evidence, including the expert testimony of Heather Knott, D.O., at the hearing, the circumstances surrounding the crimes of Arson I, Burglary II and Reckless Burning (18 counts) for which he was placed under the jurisdiction of the Psychiatric Security Review Board as shown in Exhibit 4 as well as his criminal history as found in Exhibit 3. In addition, this finding is supported by the information contained in the recent Progress Note Update of June 18, 2014 as found in Exhibit 89. This finding is further supported by the documentation of dangerous behavior as well as opinions regarding Mr. Berman's risk of dangerousness contained in Exhibits 61, 58, 46, 45, 42, 37, 36, 35, 34, 32, 29, 28, 27, 26, 25, 23, 22, 18, 16, 15, 14, 12, 9 and 7.

5

6

7

8

9

10

11    4.    Preston Berman did not prove by a preponderance of the evidence his fitness for discharge as required by the standards contained in ORS 161.351.

12

13    5.    Preston Berman could not be adequately controlled and treated in the community if he were conditionally released at this time. This finding is based upon the expert testimony of Heather Knott, D.O., at the hearing as well as the information contained in her Progress Note Update of June 18, 2014, as found in Exhibit 89.

14

15    The Board CONCLUDES AS A MATTER OF LAW that:

16    1.    Preston Berman, being affected by a mental disease or defect which, when active, renders him a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

17

18

19    2.    Preston Berman is not a proper subject for conditional release because he could not be adequately controlled and treated in the community and therefore it would not be in the best interest of justice and the protection of society to release him at this time.

20

21

22    IT IS HEREBY ORDERED, pursuant to ORS 161.346(1)(c) and 161.351(2) that Preston

23    Berman be continued in commitment at a state hospital designated by the Oregon Health

24    Authority for care, custody and treatment.

25    / / / / /

26    / / / / /

PSRB # 10-2505
Exhibit # 90
Page 2 of 3

Page 2 - COMMIT ORDER - PRESTON JACOB BERMAN aka PRESTON BENNINGTON

Exhibit 4
Page 2 of 3

This order may be appealed pursuant to ORS 161.348.

DATED this __13th__ day of __Aug._____, 2014.

SERVED BY MAIL ON:

AUG 15 2014

P.S.R.B.

_Kate B_____

Psychiatric Security Review Board Member

PSRB # LO-2505
Exhibit # 90
Page  3 of 3

Page 3 - COMMIT ORDER - PRESTON JACOB BERMAN aka PRESTON BENNINGTON

Exhibit 4
Page 3 of 3

*11/06/19*

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | | |
|---|---|---|
| In the Matter | ) | PSRB No. 10-2505 |
| | ) | OSH PatID No. 81435 |
| of | ) | Deschutes County No. 10FE0206SF |
| | ) | |
| PRESTON JACOB BERMAN | ) | COMMIT ORDER |
| | ) | |

This matter came before the Psychiatric Security Review Board on November 06, 2019, for a hearing pursuant to ORS 161.336(4)(c). Board members present were Pamela Buchanan, Psy.D., John Swetnam, and Anne Nichol, J.D., Acting Chair. Preston Berman was present with his attorney, Harris Matarazzo; Assistant Attorney General Dan Toulsen was present representing the State. The burden of proof as well as the burden of going forward was on the State.

Prior to taking opening statements, Acting Chair Nichol reminded the parties that any protected information contained in the record or submitted to the Board is subject to the Protective Order which is contained in the Board's Exhibit 147.

At the outset of the hearing, the parties stipulated that Preston Berman suffers from a qualifying mental disorder. In his opening statement, Assistant Attorney General Toulson urged the Board to accept Mr. Berman's stipulation to qualifying mental disorder and argued that a finding of dangerousness is supported by the record, and therefore, Mr. Berman should not be discharged. Mr. Toulson went on to contend that the revocation of Mr. Berman on October 25, 2019 was proper and requested that the Board find that Mr. Berman is appropriately placed at the Oregon State Hospital at this time. Mr. Toulson objected to an evaluation or finding of conditional release for Mr. Berman, arguing that any release option is premature given that Mr. Berman has not yet stabilized. In his opening statement, Mr. Matarazzo requested a discharge on behalf of his client, arguing that although Mr. Berman does suffer from a qualifying mental disorder, he does not pose a risk of danger to others as a result. Mr. Matarazzo noted that the

Page 1 - COMMIT ORDER - PRESTON JACOB BERMAN

PSRB # *10-2505*
Exhibit # *243*
Page *1* of **3**

Exhibit 5
Page 1 of 3

behaviors leading up to Mr. Berman's revocation were not volitional and were solely the result of a medication change initiated at his doctor's request. Given how well Mr. Berman had done on conditional release up to that point and given that his providers in the community are willing to continue working with him, Mr. Matarazzo requested that the Board conditionally release his client or order an evaluation in order to expedite Mr. Berman's return to the community.

The Board, having heard testimony and having received two-hundred and forty-two exhibits without objection, excluding any designated victim impact statements, and after considering all the evidence admitted on the record, FINDS AS FACT that:

1. Preston Berman was found guilty except for insanity of the crimes of Arson I, Burglary II, and Reckless Burning (18 Counts) and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Deschutes County Circuit Court Judge Thomas A. Balmer on December 08, 2010.

2. Preston Berman is affected by a qualifying mental disorder as demonstrated by the stipulation of the parties at the outset of the hearing.

3. Preston Berman, without adequate supervision and treatment, would continue to present a substantial danger to others as demonstrated by the underlying facts shown by the evidence, including the expert testimony of Joel Hendryx, M.D., Mr. Berman's treating psychiatrist, at the hearing, the circumstances surrounding his revocation outlined in Exhibits 222, 224, 235, 236, 237, 238, 239, 241 and 242, and the crimes of Arson I, Burglary II, and Reckless Burning (18 Counts), for which he was placed under the jurisdiction of the Psychiatric Security Review Board as noted in Exhibit 4 and the details of his criminal history contained in Exhibit 3. This finding is further supported by the documentation of dangerous behavior as well as opinions regarding Mr. Berman's risk of dangerousness to others as found in Exhibits 7, 9, 12, 14, 15, 16, 18, 22, 23, 25, 26, 27, 28, 29, 32, 34, 35, 36, 37, 42, 45, 46, 58, 61, 78, 83, 92, 95, 96, 99, 100, 103, 107, 113, 116, 118, 119, 141, 176, 194, 195, 227, 231, and 232.

4. The State sustained its burden of proving by a preponderance of the evidence that Mr. Berman continues to be affected by a qualifying mental disorder and continues to be a substantial danger to others and that he should not be discharged from the jurisdiction of the Board.

5. Preston Berman could not be adequately controlled and treated in the community if he were conditionally released at this time. This finding is based upon the expert testimony of Joel Hendryx, M.D., Mr. Berman's treating psychiatrist, at the

Page 2 - COMMIT ORDER - PRESTON JACOB BERMAN

PSRB # *10-2505*
Exhibit # *243*
Page *2* of *3*

Exhibit 5
Page 2 of 3

hearing as well as the information contained in his Progress Note Update of October 28, 2019 as found in Exhibit 241.

The Board CONCLUDES AS A MATTER OF LAW that:

1.    There were reasonable grounds, based upon Exhibit 223, P.S.R.B. Order of Revocation, Exhibit 224, Revised Affidavit in Support of Revocation, and Exhibit 242, Cascadia Letter Regarding Revocation, to revoke Mr. Berman's conditional release on October 25, 2019.

2.    Preston Berman, being affected by a qualifying mental disorder which, when active, renders him a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

3.    Preston Berman is not a proper subject for conditional release because he could not be adequately controlled and treated in the community and therefore it would not be in the best interest of justice and the protection of society to release him at this time.

IT IS HEREBY ORDERED, pursuant to ORS 161.346(1)(c) and 161.351(2) that Preston Berman be continued in commitment at a state hospital designated by the Oregon Health Authority for care, custody and treatment.

In making its findings, the Board notes that both the record and the testimony at the hearing indicate that Mr. Berman is in the process of re-stabilizing and that he will likely be ready to be evaluated for conditional release in the near-future. Accordingly, the Board urges Mr. Berman's treatment team at the hospital to bring him before its Risk Review Panel as soon as possible to request privileges in order to expedite the conditional release process.

This order may be appealed pursuant to ORS 161.348.

DATED this _4th_ day of _December_, 2019.

SERVED BY MAIL ON:

DEC 1 2 2019

P.S.R.B.

_____
Psychiatric Security Review Board Member

Page 3 - COMMIT ORDER - PRESTON JACOB BERMAN

PSRB # 10-2505
Exhibit # 243
Page 3 of 3

Exhibit 5
Page 3 of 3

### BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD
### OF THE STATE OF OREGON

In the Matter
of                          SUMMARY OF CONDITIONAL RELEASE PLAN
Preston Berman

A conditional release plan of supervision and treatment is summarized below.  All who will be providing services have agreed to this plan.  Confirmations are available.

1. **Conditional Release Supervisor** -- the person who will coordinate and monitor all elements of the Conditional release plan and report to the Board monthly.

| Name | TBD | | |
|---|---|---|---|
| Agency | Cascadia Behavioral Healthcare | | |
| Mailing Address | 1818 SE Division Street Portland, OR 97202 | | |
| E-Mail Address | | Fax | 503-963-7124 |
| Phone Numbers | | | |
| Backup Coverage | Charlie Blackmar | Phone | 503-963-7613 |

2. **Housing** – with whom and nature of the residence

| Name of Facility | Buena Vista | Type of Facility | RTH |
|---|---|---|---|
| Address | 326 SE 76th ave | | |
| Phone | | Fax | |
| Staffing | ☒ Staff present 24 hours per day.   Awake 24 hours?  Yes ☒  No ☐ | | |
| | ☐ Staff present when a resident is home | | |
| | ☐ Periodic Staffing | | |
| | ☐ Hours covered daytime | | |
| | ☐ Hours covered evenings | | |
| | ☐ Hours covered weekends | | |
| | ☐ Other: | | |
| | ☐ No staff | | |
| | ☐ Client shall be supervised by staff, with 20 feet and within line of sight, at all times the client is outside the secure perimeter of the facility | | |

| |
|---|
| ☒ The client must be at home between the hours of: **10** p.m. and: **6** a.m. |
| ☒ The case manager may authorize the following curfew exceptions: **Therapeutic activities** |

Revised 02/17

1

**3.  The person will participate in structured activity at a minimum of** `20` **hours per week, comprised of the following:**

|  | Who will provide service | Frequency |
|---|---|---|
| Case manager sessions | Case Manager | 1x/week |
| Individual therapy | Case Manager | 1x/week |
| Group sessions (not included below) | Cascadia Staff | As Directed as long as engaged in 10 hours of community based structured time per week. Otherwise 3x week. |
| Home supervision visits | | |
|     Scheduled | Cascadia Staff | As directed with daily residential staff contact |
|     Unannounced | Cascadia Staff | As Directed with daily residential staff contact |
| Appt. w/med. prescriber | Soroush Mohandessi | 1x/month |
| Observed medication compliance | Cascadia Staff | Daily staff oversight |
| Substance abuse treatment | Cascadia Staff | Incorporated into above groups |
| Self-help groups (NA/AA), verified | Cascadia Staff | 1x/week |
| RANDOM, UNANNOUNCED A/D screens | Cascadia Staff | 1x/week |
| Other (specify) | | |
|     Treatment at Hope Center | Cascadia Staff | As needed to fulfill 20 hours |
| | | |
| | | |
| | | |

**4.  Source of Income**

| Amount and source | ~~SSDI~~ Social Security Survivors |
|---|---|
| Who is Payee? | Self |
| Is Money management required? | As Directed |
| Medical/Psychiatric insurance | OHP |

**5.  Standard Conditions – the client and his treatment providers will be subject to the following conditions**

☒ Shall have no contact, in any form, with the victim(s) of the instant offense.
☐ Is not applicable in this case because:
☐ Shall not operate a motor vehicle.
☒ May operate a motor vehicle contingent upon having a valid license, registration, and insurance. If there is a change in mental status or a violation of conditional release, case manager may rescind driving

Revised 02/17

2

| privilege. + See driving special condition. |
| Shall designate a payee for all of his/her funds if directed by his/her case manager. |

**Standard Conditions continued:**

| Shall participate in a money management program if directed by his/her case manager. |
| Shall comply with the specific conditions of his release contained in this order as well as the Board's Agreement to Conditional Release. |
| Shall not change his/her place of residence without securing prior approval from his/her case manager and the Board or its Executive Director. |
| Shall follow all treatment recommendations. |
| Shall abide by all rules, regulations and requirements established by staff. |
| Shall participate in a medication regimen as established by the treating physician. |
| Shall not drink or possess any beverages containing alcohol or use or possess any non-prescribed drugs, including marijuana. Further, beverages containing alcohol and non-prescribed drugs, including marijuana, shall not be permitted within his/her residence. |
| Shall consent to staff search of personal belongings. |
| If residing in a Home and Community-Based Services (HCBS) setting, client (1) understands the HCBS rights afforded in the HCBS setting, and (2) shall consent to and understand that some HCBS rights may be limited due to conditional release plan and as identified in person-centered service plan and personal care plan. |
| Shall not own, possess or have control over any firearm, illegal knives, or unauthorized weapons and no such item shall be allowed in their residence. |
| Client and his licensed medical provider shall not initiate any non-emergency major psychotropic medication change without prior notice to the PSRB for purposes of consultation regarding the appropriate level of residential care during the course of the proposed change. |
| Case manager shall ensure that all county staff, clinicians and residential staff who work with Client are familiar with his risk profile. Any observable symptoms in his risk profile shall be reported to the case manager and PSRB immediately. |

**6. Special Conditions – the client will be subject to the following special conditions (attached a separate sheet, if necessary):**

- May substitute overeaters anonymous or bipolar support group for self-help groups.
- No more than 10 hours of structured time per week can come from internet based activities including financial work for his mother's business or online self-help groups.
- Executive Director may approve driving privileges once client has been on CR for 90 days. If approved client will adhere to driving plan
  - Only drive for therapeutic activities
  - No passengers for first 30 days. Than passengers only with CM approval
  - Will maintain mileage log and review with case manager as directed
  - Will turn over keys at direction of case manager

6. Special Conditions Addendum
Cascadia's Residential Program's Standard Conditions:

A. Shall allow a valid photograph to be taken and stored in Cascadia Records for use in the event a picture is needed for identification purposes.

B. The person shall not have visitors in the home between the approved curfew hours without prior authorization from the conditional release supervisor.

C. Shall collaborate with his case manager to create a daily schedule, including how he will complete his 20 weekly hours of required structured time.

D. Shall not engage in the purchasing, borrowing, lending, selling, or trading of items or money with Cascadia clients without prior written permission from case manager.

E. Shall participate in Cascadia's Level System.

F. Shall sign out when leaving the residence and sign in upon return.

G. If the person requires funding (e.g., social security funding is in appeals process; does not qualify for social security), and receives alternative county funding for Room & Board or Personal Incidental Funds (PIF), person agrees to pay this amount back to the county if a back payment is received once social security is awarded.

H. Shall permit staff to inspect residence.

6

PSRB #: 10-2505
Exhibit #: 270
Page 5 of 6

Exhibit 6
Page 5 of 6

## 7. Submitting Parties

Signatures are required from the conditional release supervisor and the patient. By signing, the parties recommend that the person should be conditionally released pursuant to the above outlined plan.

_Preston Berman_
PSRB Client

5 - 12 - 20
Date

_Clara Bdr_

Proposed Conditional Release Supervisor

5-11-20
Date

Outgoing Conditional Release Supervisor (If applicable)

Date

_Linda Bylsma NM_

OSH Treatment Team Member (If applicable)

5-12-2020
Date

PSRB #: 10-2505
Exhibit #: 270
Page 6 of 6

Exhibit 6
Page 6 of 6

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter | ) PSRB No. 10-2505 |
| | ) OSH PatID No. 81435 |
| of | ) Deschutes County No. 10FE0206SF |
| | ) |
| PRESTON JACOB BERMAN | ) ORDER AUTHORIZING MODIFICATION |
| | ) |

This matter came before the Psychiatric Security Review Board on June 02, 2021, for an administrative hearing pursuant to ORS 161.336(2).  Board members present were Trisha Elmer, P.P.O., Anne Nichol, J.D. and John Swetnam.

The Board, having reviewed two hundred and ninety-nine exhibits in this matter, excluding any designated victim impact statements, approved of the request for Mr. Berman to step down to his own apartment in Multnomah County and be supervised under Cascadia Behavior Healthcare's Intensive Case Management program.  However, the Board will not issue the final formal modification of conditional release order until such time as it is notified in writing of the address of Mr. Berman's apartment and the date he moved into that apartment.

IT IS HEREBY ORDERED, that Preston Berman may pursue finding an apartment in Multnomah County in consultation with his case manager.

This order may be appealed pursuant to ORS 161.348.

DATED this ___1st___ day of _____July_____, 2021.


_____
*Trish Elmer*
Psychiatric Security Review Board Member

Page 1 - ORDER AUTHORIZING MODIFICATION - PRESTON JACOB BERMAN

PSRB # 10-2505
Exhibit # 300
Page 1 of 1

Exhibit 7
Page 1 of 1

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | | |
|---|---|---|
| In the Matter | ) | PSRB No. 10-2505 |
| | ) | OSH PatID No. 81435 |
| of | ) | Deschutes County No. 10FE0206SF |
| | ) | |
| PRESTON JACOB BERMAN | ) | COMMIT ORDER |
| | ) | |

This matter came before the Psychiatric Security Review Board on November 17, 2021, for a hearing pursuant to ORS 161.336(4)(d). Board members present were Anne Nichol, J.D., and Trisha Elmer, P.P.O., Acting Chair. Preston Berman and his attorney, Harris Matarazzo, were both present by video from the hearings room at the Oregon State Hospital. Assistant Attorney General (AAG) Sam Kubernick was present by phone, representing the State. The burden of proof as well as the burden of going forward was on the State.

Prior to taking opening statements, Acting Chair Elmer reminded the parties that any protected information contained in the record or submitted to the Board is subject to the Protective Order which is contained in the Board's Exhibit 301. Additionally, Acting Chair Elmer noted for the record that pursuant to HB 4212 which addresses the current health and safety concerns brought about by the COVID-19 pandemic, all hearing participants are appearing remotely. No objections were heard.

At the outset of the hearing, Acting Chair Elmer advised the parties that the final Oregon Senate vote confirming new Board member, Julie Duke, was anticipated to take place on today's date. For that reason, Acting Chair Elmer explained that Ms. Duke would solely be observing today's hearing; that the evidence presented would be taken under advisement; and that deliberations would take place at a later date. Acting Chair Elmer further advised that, if for some reason Ms. Duke was not affirmed, the audio from this hearing would be sent to a third Board member to review. The parties, having already confirmed their agreement with this plan re-affirmed their agreement and did not object to proceeding in this manner.

At the outset of the hearing, the parties stipulated to the propriety of the Board's jurisdiction; that is, that Preston Berman was found guilty except for insanity of the crimes of Arson I, Burglary II, and Reckless Burning (18 counts) and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Deschutes County Circuit Court Judge Thomas A. Balmer on December 08, 2010; that Mr. Berman is affected by a qualifying mental disorder and that when his illness is active he presents a substantial danger to others.

In his opening statement, Attorney Matarazzo stated that he would rest on the record as to the propriety of Mr. Berman's revocation and that he would not be seeking any release option for Mr. Berman at this time. In his closing statement, Attorney Matarazzo moved to request that the two-member panel comprised of Acting Chair Elmer and Anne Nichol proceed with deliberations in the absence of a third Board member based on the fact that his client was neither contesting jurisdiction nor seeking a release option. In his opening statement, AAG Kubernick urged the Board to accept the stipulations to the propriety of their jurisdiction and argued that the record supports Mr. Berman's revocation. AAG Kubernick supported Attorney Matarazzo's proposal for the Board to proceed with a two-member panel in rendering its decision today.

The Board, having considered Attorney Matarazzo's motion to waive the quorum requirement of a third Board member, without objection, having considered the absence of any contested issues of fact, and having considered the absence of any presented request for a release option, proceeded with rendering a decision with two panel members. The Board, having received three hundred twenty-three exhibits without objection, excluding any designated victim impact statements, and after considering all the evidence admitted on the record, accepts as FINDINGS OF FACT the stipulations of the parties as set forth above. In addition, the Board FINDS AS FACT that Preston Berman could not be adequately controlled and treated in the community at this time. This finding is also based upon the information contained in Board's

Exhibit 309, PSRB Affidavit for Revocation dated October 4, 2021, and Board's Exhibit 314, Oregon State Hospital Psychiatric Admission Assessment dated November 1, 2021, by Les Christianson, D.O. The finding is further supported by the information contained in the Revocation Follow Up Letter, dated November 10, 2021, authored by Naomi Roanhorse, LPC, of Cascadia Behavioral Healthcare, as found in Exhibit 323. In that letter, Ms. Roanhorse outlines the details of Mr. Berman's absconding and states that Cascadia Behavioral Healthcare feels that Mr. Berman requires a hospital level of care. Finally, this finding is supported by the representation of counsel at the beginning of this hearing. The Board FURTHER FINDS AS FACT that the revocation of Mr. Berman's conditional release was appropriate as evidenced by the information contained in the PSRB Affidavit in Support of Order of Revocation, dated October 4, 2021, as found in Exhibit 309. This finding is further supported by the information contained in Ms. Roanhorse's letter, as found in Exhibit 323, which describes the factors that contributed to the treatment team's recommendation that his conditional release be revoked.

The Board CONCLUDES AS A MATTER OF LAW that:

1. There were reasonable grounds to revoke Mr. Berman's conditional release on October 04, 2021.

2. Preston Berman, being affected by a qualifying mental disorder which, when active, renders him a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

3. Preston Berman is not a proper subject for conditional release because he could not be adequately controlled and treated in the community and therefore it would not be in the best interest of justice and the protection of society to release him at this time.

\\\\ \
\\\\\
\\\\\
\\\\\

IT IS HEREBY ORDERED, pursuant to ORS 161.346(1)(c) that Preston Berman be continued in commitment at a state hospital designated by the Oregon Health Authority for care, custody and treatment.

This order may be appealed pursuant to ORS 161.348.

DATED this _____ day of _____, 2022.

_____
Psychiatric Security Review Board Member

BEFORE THE PSYCHIATRIC SECURITY REVIEW BOARD

OF THE STATE OF OREGON

| | | |
|---|---|---|
| In the Matter | ) | PSRB No. 10-2505 |
| | ) | OSH PatID No. 81435 |
| of | ) | Deschutes County No. 10FE0206SF |
| | ) | |
| PRESTON JACOB BERMAN aka SARAH | ) | COMMIT ORDER |
| ALEXA BERMAN | ) | |

This matter came before the Psychiatric Security Review Board on October 18, 2023, for a hearing pursuant to ORS 161.341(6)(b).  Board members present via video were Trisha Elmer, P.P.O., Anne Nichol, J.D., and Pamela Buchanan, Psy.D., Acting Chair.  Preston Berman[1] was present via video from his unit at the Oregon State Hospital (OSH) in Salem, and their attorney, Harris Matarazzo was present via video from the OSH Salem Hearings Room; Assistant Attorney General (AAG) Elisabeth Waner was present via video representing the State.  The burden of proof as well as the burden of going forward was on the State.

Prior to taking opening statements, Acting Chair Buchanan reminded the parties that any protected information contained in the record or submitted to the Board is subject to the Protective Order which is contained in the Board's Exhibit 301.

At the outset of the hearing, the parties stipulated to the propriety of the Board's jurisdiction; that is, that Preston Berman was found guilty except for insanity of the crimes of Arson I, Burglary II, and Reckless Burning (18 Counts) and was placed under the jurisdiction of the Psychiatric Security Review Board for a maximum period of time not to exceed 20 years by Deschutes County Circuit Court Judge Thomas A. Balmer on December 08, 2010; that Preston Berman is affected by a qualifying mental disorder and that when his illness is active he presents a substantial danger to others.

In her opening statement, AAG Waner urged the Board to accept Mr. Berman's stipulations, noting that jurisdiction is proper and supported by the record.  In his opening

---

[1] Preston Berman uses they/them pronouns.

Page 1 - COMMIT ORDER - PRESTON JACOB BERMAN aka SARAH ALEXA BERMAN

Exhibit 9
Page 1 of 3

statement, Attorney Matarazzo indicated that it was his client's desire to remain in the hospital and therefore was not seeking any release option.

The Board, having heard testimony and having received three hundred and sixty-six exhibits without objection, excluding any designated victim impact statements, and after considering all the evidence admitted on the record, accepts as FINDINGS OF FACT the stipulations of the parties as set forth above.  In addition, the Board FINDS AS FACT that Preston Berman could not be adequately controlled and treated in the community at this time. This finding is based upon the expert testimony of James Peykanu, M.D., at the hearing as well as the information contained in his Jurisdictional Report of October 4, 2023, found in Exhibit 365.  In his testimony, Dr. Peykanu described the next steps toward endorsing Mr. Berman's conditional release readiness privilege and requesting an evaluation for conditional release:

> From my standpoint, the next steps would be, through the normal course of risk review progress, to get them a violence risk assessment and start asking for conditional release planning and conditional release readiness privileges. I do think Preston has gained a lot of insight about how to avoid manic episodes in the future. Preston has an extensive history of severe mood episodes, both manic and depressed. Typically, Preston stays in the depressed mode more commonly than manic, but difficulties with behavior have almost exclusively occurred with regard to manic episodes. The behavioral difficulties associated with depression are almost always suicide related. I will say that Preston from the risk standpoint—it's interesting because Preston is almost like a pacifist in a lot of ways, in terms of their presentation to the world and their philosophy on world events and how people should relate to each other—Preston has been having a lot of difficulty around the—Preston understands intellectually, the connection between risk to others and their illness, in the sense that, inadvertently, harm could come to others as a result of behavior related to manic episodes, but does have a difficult time squaring that with their personal philosophy about how they perceive themselves, which I definitely understand.  I think that the violence risk assessment will be helpful in terms of formulating the best mitigation plans for community release, and Preston, hopefully, will be able to get to a point where conditional release planning and release to, likely an SRTF given the elopements that have occurred in the past, would be achieved, hopefully within the next six months to a year is my goal. Although, I know that probably from Preston's standpoint that still seems like an interminable amount of time, and at the same time, just given the logistics of how the hydraulics of the system have been working, it may be optimistic.  I'm just hoping that we can achieve something that will get Preston to a point where those therapeutic interventions that they're able to use daily with regard to internet and media access are a lot more available to

Page 2 - COMMIT ORDER - PRESTON JACOB BERMAN aka SARAH ALEXA BERMAN

Exhibit 9
Page 2 of 3

them quickly.

The Board CONCLUDES AS A MATTER OF LAW that:

1.      Preston Berman, being affected by a qualifying mental disorder which, when active, renders them a substantial danger to others, is under the jurisdiction of the Psychiatric Security Review Board.

2.      Preston Berman is not a proper subject for conditional release because they could not be adequately controlled and treated in the community, and therefore, it would not be in the best interest of justice and the protection of society to release them at this time.

IT IS HEREBY ORDERED, pursuant to ORS 161.346(1)(c) that Preston Berman be continued in commitment at a state hospital designated by the Oregon Health Authority for care, custody and treatment.

This order may be appealed pursuant to ORS 161.348.

DATED this __9th__ day of __January_____, 2024.

*Trish Elmer*

Psychiatric Security Review Board Member

Page 3 - COMMIT ORDER – PRESTON JACOB BERMAN aka SARAH ALEXA BERMAN

Exhibit 9
Page 3 of 3