ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
       James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>       Plaintiff,<br><br>   v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>      Defendants. | Case No.  6-24-cv-01127-MK<br><br>DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO DISMISS |

Defendants reply to Plaintiff's Opposition to the Motion to Dismiss, as follows:

Defendants understand Plaintiff is sincere in his beliefs. His arguments, however, are not legally

supported or supportable. Plaintiff raises four objections to the Motion to Dismiss and introduces

Page 1 -  DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO DISMISS
     JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

a fifth claim – that the continued jurisdiction of the Psychiatric Security Review Board highlights "systemic bias" on the part of PSRB.  Defendants respond to each argument.

### A.  The exhaustion doctrine is fatal to Plaintiff's motion.

Plaintiff's objection to the exhaustion doctrine is that he believes it is unreasonably burdensome to him to have to re-submit an application every six months for a release to a less restricted community placement. The PSRB is an agency, enabled under ORS 161.385, which has provided an administrative scheme for persons who have been found guilty except for insanity. The doctrine of exhaustion of administrative remedies provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Friends of the Wild Swan, Inc. v. U.S. Forest Serv*., 910 F. Supp. 1500, 1506 (D. Or. 1995), citing *McKart v. United States,* 395 U.S. 185, 193 (1969) (internal quotation omitted). "The exhaustion doctrine guarantees administrative autonomy and efficiency, and ensures that administrative agencies are afforded an opportunity to address their own errors without judicial intervention." *Sharps v. United States Forest Service,* 28 F.3d 851, 854 (8th Cir.1994).

In addition, "the exhaustion doctrine continues to exist under the APA to the extent that it is required by statute or by agency rule as a prerequisite to judicial review." *Darby v. Cisneros,* 509 U.S. 137, 153 (1993). If Plaintiff wanted to appeal the jurisdictional decisions of the PSRB, he could, and should, have appealed the decision to the Oregon Court of Appeals, as he was repeatedly advised. *See* Commit Orders, Exs. 3-9, attached to the Schneider Declaration. It is not unfair to require Plaintiff to abide by the rules. A court is bound to follow an agency's reasonable interpretations of its own regulations, unless an agency's interpretation is contrary to the plain language of the regulation. *Singh v. Holder*, 771 F.3d 647, 652 (9th Cir. 2014).

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

There is no dispute about the rules at issue in this matter. Plaintiff does not want to follow them. That is not a reason for this Court to allow Plaintiff to reject those rules.

### B.  The Defendants have not waived their 11th Amendment Immunity.

While it is true that private litigants, such as Plaintiff, can bring Title II Americans with Disabilities Act claims in federal court, Plaintiff's insistence that PSRB is in violation of the ADA because of the analysis in *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999) undercuts and nullifies his argument. Plaintiff's citation to the decision in *Ex parte Young* doesn't apply. The *Ex parte Young* doctrine provides that the Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officers "in their official capacities, to enjoin an alleged ongoing violation of federal law." *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1045 (9th Cir.2000). Plaintiff is not alleging an ongoing violation of federal law.

Plaintiff's argument is that PSRB's present failure, after Plaintiff was unsuccessful in two prior conditional releases, to release him to a less-restricted community-based program is a violation of the ADA, under the *Olmstead* analysis. In other words, Plaintiff is challenging the way PSRB presently applies its rules. That is a challenge against PSRB and its director regarding how they apply an agency <u>rule.</u> The Eleventh Amendment bars suits in federal court brought against state officials acting in their official capacities alleging a violation of state law. *Legacy Health v. Hoyle*, No. 3:22-CV-00573-HZ, 2023 WL 34692, at *5 (D. Or. Jan. 3, 2023).

### C.  The PSRB does not violate *Olmstead v. L.C. ex rel. Zimring.*

In *Olmstead*, the Supreme Court recognized that "[t]he State's responsibility, once it provides community-based treatment to qualified persons with disabilities, is not boundless." 527 U.S. at 603. Although the "unjustified isolation" of disabled persons in institutions would violate the ADA, the Court recognized certain state justifications that would defeat an ADA-

Page 3 -    DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO DISMISS
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

based challenge. *Id.* at 597. For example, "the States' need to maintain a range of facilities for the care and treatment of persons with diverse mental disabilities, and the States' obligation to administer services with an even hand." *Id.* At 605-606. Further, a state can "demonstrate that it had a comprehensive, effectively working plan for placing qualified persons with mental disabilities in less restrictive settings, and a waiting list that moved at a reasonable pace." *Id.* Plaintiff must know that PSRB has a program that satisfies *Olmstead* – he was the beneficiary of the system for placing qualified persons in less restrictive settings on multiple occasions. He was not successful in those releases, but that does not mean he cannot apply again. Nor does it mean that he is being unreasonably detained under PSRB jurisdiction.

At Plaintiff's most recent hearing, pursuant to ORS 161.346(1)[1], Plaintiff stipulated to PSRB's jurisdiction and chose not to request any conditional release. (Ex. 9, Schneider Decl.). Thus, he availed himself of PSRB's "comprehensive, effectively working plan" and he chose not to appeal PSRB's decision. He cannot circumvent the appeal process in State court and seek immediate attention in federal court.

---

[1] When the Psychiatric Security Review Board conducts a hearing under ORS 161.315 (Right of state to obtain mental examination of defendant) to 161.351 (Discharge by board), the board shall enter an order and make findings in support of the order. If the board finds that a person under the jurisdiction of the board:
**(a)**
Is no longer affected by a qualifying mental disorder, or, if so affected, no longer presents a substantial danger to others, the board shall order the person discharged from commitment and conditional release.
**(b)**
Is still affected by a qualifying mental disorder and is a substantial danger to others, but can be controlled adequately if conditionally released with treatment as a condition of release, the board shall order the person conditionally released as provided in ORS 161.336 (Conditional release by board).
**(c)**
Has not recovered from the qualifying mental disorder, is a substantial danger to others and cannot adequately be controlled if conditionally released on supervision, the board shall order the person committed to, or retained in, a state hospital, or if the person is under 18 years of age, a secure intensive community inpatient facility, for care, custody and treatment.

Page 4 -    DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO DISMISS
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### D. Plaintiff was not deprived of the Due Process rights provided by the 14th Amendment.

Delegation of adjudicatory powers to administrative agencies is valid if judicial review is provided at some stage of the proceeding. *Perkey v. Psychiatric Sec. Rev. Bd.*, 65 Or. App. 259, 264, 670 P.2d 1061, 1064 (1983). Courts have applied the standard of review mandated by the Administrative Procedure Act, 5 U.S.C. § 706(2)(A): the administrator's final actions will be upheld unless "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *State of Ariz. v. Thomas*, 824 F.2d 745, 748 (9th Cir. 1987) citing *Western Oil & Gas Association v. EPA*, 767 F.2d 603, 605-06 (9th Cir.1985). The statutory scheme for PSRB envisions an application for conditional release, a hearing, and judicial review of any decision made by PSRB. The fact that Plaintiff has chosen not to ask for judicial review of the Commitment Order shows that he failed to exhaust his remedies. It does not show that he did not receive the due process to which he was entitled, and he cannot argue that the decisions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." If he chose, he could make his argument in state court. He cannot make the argument in federal court.

### E. Systemic bias

Plaintiff has alleged one more objection to the Motion to Dismiss, now arguing that PSRB's "repeated denials of Plaintiff's requests for jurisdictional discharge" show a systemic bias within the PSRB. As an initial matter, if there were repeated denials of Plaintiff's requests for jurisdictional discharge, there might be an argument, not at all developed, of some kind of bias against Plaintiff.  Those (imaginary) "repeated denials", however, do not establish any kind of systemic bias.

More importantly, Plaintiff cannot show a history or pattern of denials of jurisdictional discharge. In the eight times Plaintiff came before the Board, he did not seek a conditional release in five of the eight hearings; he stipulated to the Board's jurisdiction. (Ex. 2-9, Schneider

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Decl.)  In only one hearing did the Board refuse to order a conditional release, upon finding that the revocation of a previously issued release had been, and remained, appropriate. (Ex.5, Schneider Decl.). Plaintiff has not appealed any of the Orders. He was subsequently granted another conditional release, which, again, had to be revoked because of his conduct.

In an agency proceeding, an action lacking the appearance of fairness is not enough to warrant its reversal. *W. A. S. v. Tchr. Standards & Pracs. Comm'n*, 314 Or. App. 274, 277 (2021) citing *Gallant v. Board of Medical Examiners*, 159 Or. App. 175, 187 (1999). Rather, to establish a due process violation, a petitioner was required to demonstrate **"actual bias on the part of the decision-maker,"** *Shicor v. Board of Speech Language Path. and Aud.*, 291 Or. App. 369, 374 (2018).

In the one time the Board determined not to order a conditional release, the decision came after Plaintiff had already been released, and the release was revoked. (Ex. 5, Schneider Decl.). The revocation was upheld as appropriate. With additional time and counseling, PSRB did grant another release, and then a decrease in the supervision level.  (Exs. 6, 7, Schneider Decl.). Once again, the release had to be revoked following a manic episode by Plaintiff. At Plaintiff's most recent hearing, he did not request a release. (Ex. 9, Schneider Decl.). Plaintiff has not shown a systemic bias, and, more specifically, he has not shown an actual bias.

## CONCLUSION

The administrative procedures adopted by the Psychiatric Security Review Board do not conflict with the *Olmstead* case and do not violate the Americans with Disabilities Act. Because Plaintiff has failed to exhaust his administrative remedies, a prerequisite for review of orders issued by an administrative agency, his argument that he failed to receive due process cannot survive the Motion to Dismiss. Finally, the State agency and its representative are not appropriate defendants in federal courts for a challenge of an agency rule.

Page 6 -    DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO DISMISS
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

The Motion to Dismiss should be granted in its entirety.

DATED September  10 , 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM

Attorney General


 s/ Jill Schneider
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.oregon.gov
James.Aaron@doj.oregon.gov
Of Attorneys for Defendants

Page 7 -    DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO
           DISMISS
           JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**CERTIFICATE OF SERVICE**

I certify that on September __10__, 2024, I served the foregoing DEFENDANTS' REPLY

TO PLAINTIFF'S OBJECTIONS TO THE MOTION TO DISMISS upon the parties hereto by

the method indicated below, and addressed to the following:

Preston Berman            ___ HAND DELIVERY
2600 Center Street NE      _X_ MAIL DELIVERY
Salem, OR 97301          ___ OVERNIGHT MAIL
        *Pro Se Plaintiff*      ___ TELECOPY (FAX)
                                     _X_ E-MAIL
                                     ___ E-SERVE

                                     *s/ Jill Schneider*
                                     JILL SCHNEIDER #001619
                                     Senior Assistant Attorney General
                                     Trial Attorney
                                     Tel (971) 673-1880
                                     Fax (971) 673-5000
                                     Jill.Schneider@doj.oregon.gov
                                     Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
         JS/s5h/966466698