Preston Berman
2600 Center St. NE
Salem, OR 97301-2669
Telephone: 503.945.2800

Plaintiff, appearing Pro Se

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **PRESTON BERMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **PSYCHIATRIC SECURITY REVIEW BOARD;** <br> **ALISON BORT**, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board <br><br> Defendant, | Case No: 6:24-cv-01127-MK <br><br> MOTION FOR PRELIMINARY INJUNCTION |

## INTRODUCTION

1. Pursuant to Fed. R. Civ. P. 65, Plaintiff Preston Berman respectfully moves this Court for a preliminary injunction enjoining the Defendants from enforcing amendments to Oregon Administrative Rule (OAR) 859-010-0005, which removed the requirement of a causal nexus between mental illness and dangerousness. These amendments violate Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution.

PAGE 1

MOTION FOR PRELIMINARY INJUNCTION

2. As detailed in the accompanying Memorandum in Support, the recent amendments allow the indefinite detention of individuals, including Plaintiff, who no longer pose a substantial danger due to their mental illness. This arbitrary standard not only defies constitutional principles but directly conflicts with Supreme Court precedent in *Foucha v. Louisiana,* 504 U.S. 71 (1992), which holds that a person can only be detained in a psychiatric facility if their mental illness is the cause of their dangerousness.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Issue an order enjoining the Defendants from enforcing the amendments to OAR 859-010-0005, which removed the requirement of a causal nexus between mental illness and dangerousness.

B. Restore the prior version of OAR 859-010-0005, which required that the dangerousness posed by an individual under the jurisdiction of the Psychiatric Security Review Board (PSRB) must be directly caused by their qualifying mental illness.

C. Prohibit the PSRB from detaining individuals whose dangerousness is not caused by a qualifying mental illness, as mandated by the Fourteenth Amendment's Due Process Clause and consistent with the ruling in *Foucha v. Louisiana.*

D. Grant any other relief the Court deems just and proper to ensure compliance with constitutional standards, including Title II of the Americans with Disabilities Act (ADA), and to protect the due process rights of Plaintiff and similarly situated individuals. Specifically, this includes ensuring that individuals with mental illness

are not discriminated against through indefinite detention based on a rule that fails to properly link their dangerousness to their qualifying mental condition, in violation of the ADA's mandate for equal treatment and community integration.

## LEGAL STANDARD

A preliminary injunction is warranted when the moving party demonstrates:

A. A likelihood of success on the merits;

B. A likelihood of suffering irreparable harm in the absence of preliminary relief;

C. That the balance of equities tips in the moving party's favor; and

D. That the requested injunction is in the public interest.

## LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff has a substantial likelihood of success on the merits. The amended OAR 859-010-0005 unlawfully removes the causal nexus requirement between mental illness and dangerousness, a fundamental due process safeguard. This contravenes established Supreme Court precedent, as well as Oregon case law, which recognizes that such a causal link is necessary to justify continued detention (*Rinne v. PSRB*, 297 Or App 549 (2019); *Rinne v. PSRB*, 326 Or App 777 (2023)).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue a preliminary injunction enjoining the Defendants from enforcing the unconstitutional amendments to OAR 859-010-0005 and restoring the requirement that a person's dangerousness be causally linked to their qualifying mental illness.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 17, 2024.

Respectfully submitted,

*Preston Berman*

Preston Berman
2600 Center St. NE
Salem, OR 97301-2669
Telephone: 971.945.2800

Plaintiff, appearing Pro Se

## CERTIFICATE OF SERVICE

I certify that on October 17, 2024, I served the foregoing MOTION FOR PRELIMINARY INJUNCTION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| ELLEN F. ROSENBLUM<br>Attorney General<br>JILL SCHNEIDER #001619<br>Senior Assistant Attorney General<br>JAMES M. AARON #132865<br>Assistant Attorney General<br>Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Telephone: (971) 673-1880<br>Fax: (971) 673-5000<br>Email: Jill.Schneider@doj.oregon.gov<br>Email: James.Aaron@doj.oregon.gov | ___ HAND DELIVERY<br>_X_ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>_X_ E-MAIL<br>___ E-SERVE |

Attorneys for Defendants

DATED: October 17, 2024.                Respectfully submitted,

s/ *Preston Berman*
PRESTON BERMAN
2600 Center St. NE
Salem, OR 97301-2669
Telephone: (503) 947-2704

Plaintiff, appearing Pro Se

PAGE 1 - CERTIFICATE OF SERVICE

Preston [illegible]
2600 Center St. NE
Salem, OR 97301



U.S. Courthouse
1000 S.W. Third Ave,
Portland, OR 97204