ELLEN F. ROSENBLUM
Attorney General
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
          James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>    Plaintiff,<br><br>    v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>    Defendants. | Case No.  6-24-cv-01127-MK<br><br>DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION |

Defendants Psychiatric Security Review Board and Alison Bort respond to Plaintiff's Motion for a Preliminary Injunction, as follows.

Page 1 -    DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
          JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

I.    Introduction

Plaintiff was convicted of arson, burglary and reckless burning in 2010, and deemed Guilty Except for Insanity. (ECF 23, Ex. 1). At his initial hearing before the Psychiatric Security Board[1] in March 2011, he stipulated to the Board's jurisdiction and did not submit any release requests. (*Id.*, Ex. 2; *also see* ORS 161.341). At his two-year hearing required under ORS 161.341, he rested on the record as to jurisdiction, and again made no release requests. (*Id.*, Ex. 3.). A year and a half later, Plaintiff requested a hearing and stipulated to a mental disorder, but denied he should be considered dangerous. He requested a full discharge or conditional release, under OAR 859-070-0010. His request was denied. (*Id.*, Ex. 4).

In December 2015, the Oregon State Hospital requested a step down in supervision, and the Board conditionally released him to an unlocked residential treatment home. (Plaintiff's Compl., ¶ 18). After success with the diminished supervision, in 2018 the Board permitted his provider to approve short trips to Florida. (*Id.*, ¶22). Six months later, Plaintiff was allowed to live in his own apartment, with intensive case management. (*Id.*, ¶23). The decrease in supervision was not successful. In October 2019, Plaintiff suffered a mania episode, was hospitalized, and returned to the Oregon State Hospital. (*Id.*, ¶¶ 28-30). At his revocation hearing in November 2019, Plaintiff again stipulated to a mental disorder and again contested any finding that he was a danger to himself or others. (ECF 23, Ex. 5). He requested a full discharge or an order for an evaluation for conditional release. (*Id.*).

---

[1] The Psychiatric Security Review Board (PSRB) is a state agency, composed of part-time members drawn from different disciplines, to conduct periodic hearings to determine the placement and supervision of defendants who successfully raise the insanity defense and remain mentally ill and dangerous. It was created by legislative action in July1977. *See* ch. 380, 1977 Or. Laws 318. It is now included in Chapter 161 of the Oregon Code, and governed by ORS 161.385-405.

Page 2 -    DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

In June 2020, the Oregon State Hospital evaluated Plaintiff and requested a conditional release hearing for him. The Board conditionally released Plaintiff to an unlocked residential treatment home. (*Id*., Ex. 6). A year later, in June 2021, the Board approved release to Plaintiff's apartment with intensive case management. (*Id*., Ex. 7)

In October 2021, Plaintiff absconded from his supervision, and began to smoke while on a plane. (*Id.*, ¶31). His conduct was sufficiently disturbing that the plane was forced to re-route to Denver. (*Id.*, ¶32). Plaintiff was taken into police custody in Colorado, and returned to Portland only after the Board was able to coordinate his extradition with Oregon and Colorado law officials.

He was re-admitted to the Oregon State Hospital in November 2021, and at his revocation hearing the same month, he again stipulated to the Board's jurisdiction, and filed no requests for release. (*Id*., Ex. 8). At his two-year Revocation Hearing in October 2023 pursuant to ORS 161.341, he stipulated to the Board's jurisdiction again, and again sought no releases. (*Id*., Ex. 9). The Board found him to be unsuitable for a conditional release at this time. (*Id.*).

Plaintiff could have appealed the Order under ORS 161.341 and OAR 859-070-0010. He did not. He could have applied for a conditional discharge six months after his last hearing on October 18, 2023, or April 18, 2024. He did not. Instead, in July 2024, Plaintiff filed a Complaint, alleging violation of Title II of Americans with Disabilities Act and violation of his right to Due Process under 42 U.S.C.§ 1983. He filed for a Temporary Restraining Order and for an Emergency Injunction on July 31, 2024, which was denied on August 1, 2024, because Plaintiff failed to make the showing necessary to support the extraordinary and drastic remedy of a TRO.

For the same reasons, this Court should deny the Motion for a Preliminary Injunction.

Page 3 -    DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## II. Standard of Review for Motion for Preliminary Injunction

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 391, 395 (1981); *see also Regents of University of California v. ABC, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) ("the function of a preliminary injunction is to preserve the *status quo ante litem*"). To obtain a preliminary injunction, a plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, an injunction may issue if there is a substantial question on the merits and the equities tips sharply toward the plaintiff, as long as there is also a likelihood of irreparable injury and the injunction is in the public interest. *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012).

Because a "preliminary injunction is an extraordinary and drastic remedy", the party seeking the injunction must present evidence sufficient to clearly carry his burden of persuasion on each requirement. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir.2012) (quoting *Munaf v. Geren*, 553 U.S. 674, 676, 128 S.Ct. 2207 (2008)). Moreover, an abstract potential for injury is not enough to support equitable relief—a plaintiff must show that the injury or threat of injury is real and immediate, not conjectural or hypothetical. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

## III. Plaintiff is unlikely to succeed on the merits.

Plaintiff has failed to exhaust his administrative remedies. If Plaintiff does not request a hearing under ORS 161.346, the Board will hold another 2-year evaluation within 60 days of October 18, 2025. He has failed to make a showing that he cannot obtain a full discharge or an order for an evaluation for conditional release under the amended OAR 859-010-0005, because he has not applied.

Page 4 -   DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
           JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"The doctrine of exhaustion of administrative remedies is well established ... and provides that no one is entitled to judicial relief for a supposed threat or injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).

IV.  **Plaintiff is not likely to suffer irreparable harm**

In order for the court to award a preliminary injunction, plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of an injunction. *Winter*, 555 U.S. at 20. Specific allegations demonstrating a significant threat of irreparable injury are a baseline requirement for a preliminary injunction. Plaintiff must demonstrate that "there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir.1985) (emphasis added). "Speculative injury does not constitute irreparable injury." *1160 Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 472 (9th Cir.1984). Plaintiff has not and cannot show that there is a significant threat of irreparable injury, because he can only speculate that his application for a release, when he actually submits it, will be denied under the amended rules.

V.  **The balance of equities does not tip in plaintiff's favor**

Plaintiff relies on a general statement of deprivation, without citation, and without adequately explaining why the balance of equities tips in his favor. Because plaintiff has not made a sufficient showing of either likelihood of success on the merits or likelihood of irreparable harm, the equities favor defendants. *See, e.g.*, *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

VI.  **A preliminary injunction is not in the public interest**

The last factor in deciding whether to issue a preliminary injunction requires the court to consider whether an injunction is in the public interest. *Winter*, 555 U.S. 20. Plaintiff alleges that a grant of a preliminary injunction will serve the highest public interest because it is always in the public interest to uphold constitutional protections and prevent the 'unlawful deprivation of

Page 5 -   DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

liberty.' Dkt # 34, p. 5. The Court must consider both what public interests might be injured and what public interests might be served by granting or denying a preliminary injunction. *Sierra Club v. United States Army Corps of Eng'rs*, 645 F.3d 978, 997-98 (8th Cir. 2011). Plaintiff's conclusory statements are insufficient as a matter of law to meet his burden.

## VII. Conclusion

For the reasons stated above, plaintiff's Motion for Preliminary Injunction should be denied.

DATED November  8th , 2024.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


   *s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.oregon.gov
James.Aaron@doj.oregon.gov
Of Attorneys for Defendants

Page 6 -    DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION
JS/s5h/966465644
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000