FILED 18 NOV '24 10:44USDC-ORP

Preston Berman
2600 Center St. NE
Salem, OR 97301-2669
Telephone: 503.945.2800

Plaintiff, appearing Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **PRESTON BERMAN**, <br><br> Plaintiff, <br><br> v. <br><br> **PSYCHIATRIC SECURITY REVIEW BOARD;** <br> **ALISON BORT**, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board <br><br> Defendant, | Case No: 6:24-cv-01127-MK <br><br> PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION |

## INTRODUCTION

Plaintiff respectfully submits this reply to address the arguments raised in Defendants'

response. This motion seeks a preliminary injunction to enjoin enforcement of OAR

859-010-0005, as amended by PSRB 1-2024, which violates the Due Process Clause of the

PAGE 1

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

Fourteenth Amendment by removing the causal nexus between an individual's mental illness and alleged dangerousness. The rule change, enacted explicitly to override judicial precedent, represents a violation of constitutional principles, statutory limits on agency rulemaking, and the separation of powers doctrine.

## LEGAL ARGUMENTS

### A. The Defendants Misstate Plaintiff's Likelihood of Success on the Merits

1. **Violation of Due Process**: The removal of the causal nexus requirement deprives individuals under PSRB jurisdiction of their constitutional right to due process. In *Rinne v. PSRB*, the Oregon Court of Appeals explicitly held that the statutory framework governing PSRB requires a "causal nexus" between an individual's qualifying mental disorder and their dangerousness (*Rinne I, II, III*). Defendants' argument that the Board can redefine "dangerousness" to exclude causation is invalid. The PSRB cannot override binding judicial interpretations or the legislative framework, as established in *Pulito v. Oregon State Board of Nursing*, 366 Or. 612 (2020).

2. **Separation of Powers Violation**: By enacting OAR 859-010-0005, The PSRB explicitly intended to subvert the judicial rulings in *Rinne*. This overreach infringes upon the judiciary's exclusive role in statutory interpretation, as prohibited by Article III, Section 1 of the Oregon Constitution. Agencies must adhere to judicial interpretations of statutes; they cannot "align" rules with rejected interpretations.

### B. Ongoing Irreparable Harm to Plaintiff and Similarly Situated Individuals

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

1. **Prolonged Deprivation of Liberty**: Under the revised rule, Plaintiff and approximately 600 others under PSRB jurisdiction face indefinite detention without proper legal justification linking their mental illness to dangerousness. The deprivation of liberty without due process constitutes irreparable harm, as recognized in *Foucha v. Louisiana*, 504 U.S. 71 (1992).

2. **Discrimination Against Individuals with Disabilities**: The amended rule disproportionately impacts individuals with mental disabilities by subjecting them to indefinite detention. This violates the principles established in *Olmstead v. L.C.*, 527 U.S. 581 (1999), which requires integration of individuals with disabilities into community settings whenever feasible.

### C. Balance of Equities and Public Interest

The balance of equities favors Plaintiff. The injunction would prevent irreparable harm without imposing a substantial burden on PSRB, as compliance with constitutional standards is a fundamental requirement. Furthermore, the public interest lies in ensuring that administrative agencies operate within constitutional and statutory boundaries.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion for a preliminary injunction and enjoin the enforcement of OAR 859-010-0005 as amended by PSRB 1-2024 (Exhibit 1). This measure is necessary to protect the constitutional rights of Plaintiff and all similarly situated individuals under PSRB jurisdiction.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 8, 2024.

                                              Respectfully submitted,

                                              s/ *Preston Berman*
                                              PRESTON BERMAN
                                              2600 Center St. NE
                                              Salem, OR 97301-2669
                                              Telephone: (503) 947-2704

                                              Plaintiff, appearing Pro Se

# CERTIFICATE OF SERVICE

I certify that on November 8, 2024, I served the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION upon the parties hereto by the method indicated below, and addressed to the following:

ELLEN F. ROSENBLUM  
Attorney General  
JILL SCHNEIDER #001619  
Senior Assistant Attorney General  
JAMES M. AARON #132865  
Assistant Attorney General  
Department of Justice  
100 SW Market Street  
Portland, OR 97201  
Telephone: (971) 673-1880  
Fax: (971) 673-5000  
Email: Jill.Schneider@doj.oregon.gov  
Email: James.Aaron@doj.oregon.gov  

\_\_\_ HAND DELIVERY  
_X_ MAIL DELIVERY  
\_\_\_ OVERNIGHT MAIL  
\_\_\_ TELECOPY (FAX)  
_X_ E-MAIL  
\_\_\_ E-SERVE  

Attorneys for Defendants

DATED: November 8, 2024.

Respectfully submitted,

s/ *Preston Berman*  
PRESTON BERMAN  
2600 Center St. NE  
Salem, OR 97301-2669  
Telephone: (503) 947-2704  

Plaintiff, appearing Pro Se

PAGE 1 - CERTIFICATE OF SERVICE

# EXHIBIT 1



**OFFICE OF THE SECRETARY OF STATE**
LAVONNE GRIFFIN-VALADE
SECRETARY OF STATE

CHERYL MYERS
DEPUTY SECRETARY OF STATE
AND TRIBAL LIAISON

**ARCHIVES DIVISION**
STEPHANIE CLARK
DIRECTOR

800 SUMMER STREET NE
SALEM, OR 97310
503-373-0701

# PERMANENT ADMINISTRATIVE ORDER

**PSRB 1-2024**
CHAPTER 859
PSYCHIATRIC SECURITY REVIEW BOARD

**FILED**
04/03/2024 12:10 PM
ARCHIVES DIVISION
SECRETARY OF STATE
& LEGISLATIVE COUNSEL

FILING CAPTION: Amending definition of "Danger"; "Substantial Danger"; or "Dangerousness"

EFFECTIVE DATE: 04/05/2024

AGENCY APPROVED DATE: 03/27/2024

| CONTACT: Alison Bort | 6400 SE Lake Road | Filed By: |
| 503-229-5596 | Suite 375 | Alison Bort |
| alison.bort@psrb.oregon.gov | Portland, OR 97222 | Rules Coordinator |

AMEND: 859-010-0005

REPEAL: Temporary 859-010-0005 from PSRB 3-2023

RULE TITLE: Definitions

NOTICE FILED DATE: 02/16/2024

RULE SUMMARY: The Court of Appeals issued a decision that relied upon the PSRB's definition of "danger" in making their finding. The court's interpretation of the rule is not aligned with the Board's interpretation and impacts how the Board determines if a person's jurisdiction under the Board should be retained. The agency filed a temporary modify its definition of "danger" to align with the Board's practice of determining whether jurisdiction is proper. In addition, the agency filed a petition to the Oregon Supreme Court for review; however, review was denied. Therefore, the agency is moving forward with making the temporary rule permanent.

RULE TEXT:
(1) "Administrative Hearing" means a meeting of the Board where a quorum is present and a matter is reviewed (e.g. an outpatient supervisor request for modification to a client's conditional release plan). The Board shall consider information in the written record only and no oral testimony shall be received: If an objection is made to the administrative hearing, the client or the state has the right to request a full hearing. On its own motion, the Board may require further information, testimony or the presence of the client and therefore, set the matter for a full hearing.
(2) "Administrative Meeting" is any meeting of the Board where a quorum is present for the purpose of considering matters relating to Board policy and administration. Minutes shall be taken during an administrative meeting and distributed to Board members and interested persons. Minutes shall be voted on and approved at subsequent administrative meetings;
(3) "Case Monitors" are individuals designated in the conditional release order who are responsible for ensuring clients on conditional release receive the services and support they need and reporting to the PSRB a client's progress, activities and compliance with conditions of release or lack thereof.
(4) "Client" refers to any person under the jurisdiction of the Board and may be used interchangeably with "person," "patient," or "outpatient."
(5) "Community Evaluation" is a written report ordered by the Board or other court and conducted by a qualified mental

health professional from a local mental health program designated by the Board to determine if an individual can be adequately controlled with supervision and treatment if conditionally released and that appropriate supervision and treatment are available.

(6) "Conditional Release" is a grant by the court or the Board for a client, patient or defendant to reside outside a state hospital in the community under conditions mandated by the court or Board for monitoring and treatment of mental and physical health.

(7) "Consultation" is a screening completed on a PSRB template, ordered by a court and conducted by a qualified mental health professional from a local mental health program designated by the Board, to determine whether the necessary supervision and treatment for the individual are available in the community and appropriate for the individual and informs the court as to whether a community evaluation is necessary to determine whether the person can be adequately controlled with supervision and treatment if conditionally released.

(8) "Danger"; "Substantial Danger"; or "Dangerousness" means a risk that the person will inflict injury or harm to others. Evidence may include information about historical patterns of behavior, recent behavior, or verbal or physical threats, which have caused injury or harm or would place a reasonable person in fear of sustaining injury or harm. This determination does not require an imminent risk of injury or harm to others.

(9) "Escape" means:

(a) A client committed to a state hospital:

(A) Leaves the supervision of hospital staff without permission;

(B) Leaves the hospital without permission; or

(C) Fails to return at the appointed time to the hospital.

(b) Any client who leaves the State of Oregon without authorization of the Board;

(c) Any client who fails to return to the State of Oregon as directed by the Board.

(10) "Full Hearing" is a meeting of the Board where parties are present, testimony is taken and written findings on the issue(s) before the Board are made.

(11) "Incident Report" means a report completed by the case monitor that describes any significant behavioral or mental health changes, serious violations of conditional release requirements, psychotropic medication refusals, or any other information that is relevant to an individual's ability to be safely managed in a community setting. The incident report shall contain the following information:

(a) A description of incident;

(b) A summary of the interventions that were used by community mental health provider staff;

(c) A summary of the debrief with the individual or a summary of why a debrief did not occur; and

(d) Any recommendations on how to mitigate future incidents, including but not limited to modifications to the individual's conditional release plan.

(12) "Insanity Defense", also known as "GEI", refers to a plea or finding of "Guilty Except for Insanity". Nomenclature. For offenses committed on or after January 1, 1984, a person is guilty except for insanity if, as a result of a qualifying mental disorder (formerly "mental disease or defect") at the time of engaging in criminal conduct, the person lacked substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of law. The name of the insanity defense from January 1, 1978, through December 31, 1983, was "not responsible due to mental disease or defect." From January 1, 1971, through December 31, 1977, the insanity defense was known as "not guilty by reason of mental disease or defect." The name of the insanity defense prior to 1971 was "not guilty by reason of insanity."

(13) "Jurisdictional Report" means a report completed by a psychiatrist, psychiatric mental health nurse practitioner, or licensed psychologist that assists the Board in making the determinations described in ORS 161.341(1), ORS 161.346(1), or ORS 161.336(5)(a) and includes an analysis of the following information:

(a) An opinion as to the mental condition of the person;

(b) Whether the person presents a substantial danger to others; and

(c) Whether the person could be adequately controlled with treatment as a condition of release.

(14) "Monthly Progress Report" means a template report available on the PSRB's website that is required to be completed for all individuals who are on conditional release by the individual's case monitor each month that includes the following information attached, if applicable:

(a) Prescriber and specialty progress notes that occurred within the reporting month of the monthly progress report; and

(b) Any incident reports that that occurred within the reporting month of the monthly progress report.

(15) "Qualifying Mental Disorder" (formerly "Mental disease or defect") means:

(a) a developmental or intellectual disability, traumatic brain injury, brain damage or other biological dysfunction that is associated with distress or disability causing symptoms or impairment in at least one important area of an individual's functioning and is defined in the current Diagnostic and Statistical Manual of Mental Disorders (DSM 5-TR) of the American Psychiatric Association; or

(b) any diagnosis of a psychiatric condition which is a significant behavioral or psychological syndrome or pattern that is associated with distress or disability causing symptoms or impairment in at least one important area of an individual's functioning and is defined in the Diagnostic and Statistical Manual of Mental Disorders (DSM 5-TR) of the American Psychiatric Association.

(c) "Qualifying Mental Disorder," described in subsections (a) and (b), excluding those conditions described in subsection (d) includes:

(A) A disorder in a state of remission which could with reasonable medical probability occasionally become active; or

(B) A disorder that could become active as a result of a non-qualifying mental disorder.

(d) "Non-Qualifying Mental Disorder" is defined as a mental disorder in which the condition is:

(A) A diagnosis solely constituting the ingestion of substances (e.g., chemicals or alcohol), including but not limited to alcohol-induced psychosis;

(B) An abnormality manifested solely by repeated criminal or otherwise antisocial conduct; or

(C) An abnormality constituting a personality disorder.

(16) "Party" means the State, which includes the Oregon Department of Justice or, if representing the State's interest, the District Attorney from the county where the GEI was adjudicated, client and client's counsel.

(17) "PSRB" or "Board" means the Oregon Psychiatric Security Review Board.

(18) "Quorum" means the presence of at least three members, in person or on the telephone, of the Adult Panel of the Board.

(19) "State Hospital" means any state institution or facility operated by the Oregon Health Authority.

(20) "Unauthorized Departure" means a person who is under the jurisdiction of the Board who is conditionally released to the community that:

(a) Leaves the supervision of the community mental health program staff without permission;

(b) Leaves the authorized placement listed on the conditional release order without permission;

(c) Fails to return to the authorized placement listed on the conditional release order at the appointed time;

(d) Leaves the State of Oregon without authorization of the Board; or

(e) Fails to return to the State of Oregon as directed by the Board.

(21) "Victim" means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime that brought the client under the Board's jurisdiction. In the case of a homicide or abuse of a corpse, a member of the immediate family of the decedent and, in the case of a minor victim, the legal guardian of the minor. In no event shall the PSRB client be considered a victim of his/her own GEI case.

STATUTORY/OTHER AUTHORITY: ORS 161.387

STATUTES/OTHER IMPLEMENTED: ORS 161.387, ORS 161.295 - 161.400

Pr~
2600 center St. NE
Salem, OR 97301



U.S. Courthouse
1000 S.W. Third Ave
Portland, OR 97204