UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| PRESTON BERMAN, | Case No. 6:24-cv-01127-MTK |
| Plaintiff, | **ORDER** |
| v. | |
| PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Preston Berman filed this action against Defendants Psychiatric Security Review Board ("PSRB") and Alison Bort, alleging violations of Title II of the Americans with Disabilities Act ("ADA") and Plaintiff's right to Due Process under the Fourteenth Amendment. Plaintiff has been under the jurisdiction of Defendant Psychiatric Security Review Board ("PSRB") since being adjudicated in 2010 of Arson, Burglary, and Reckless Burning and deemed guilty except for insanity. Compl. ¶¶ 3-4, ECF No. 1. Before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 33). Plaintiff seeks an order enjoining Defendants from enforcing an amended regulation that is the subject of Plaintiff's substantive Due Process claim, to restore the prior version of that regulation, and to "prohibit the

Page 1 —ORDER

PSRB from detaining individuals whose dangerousness is not caused by a qualifying mental illness." Mot. 2. For the following reasons, Plaintiff's motion is denied.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Id.* at 20. The moving party "has the general burden of establishing the elements necessary to obtain injunctive relief." *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Here, Plaintiff's motion for preliminary injunction is denied for failure to show that they have a likelihood of success on the merits and that they will face irreparable harm in the absence of the relief sought.

First, Plaintiff has failed to demonstrate a likelihood of success on the merits. Plaintiff's motion relates to the change in regulations governing PSRB jurisdiction. At this stage, with the limited facts and argument provided by Plaintiff in their motion, Plaintiff has not sufficiently demonstrated a likelihood of success on the merits of their substantive due process claim.[1] This conclusion is not a ruling on the ultimate merits of Plaintiff's claims.

Second, Plaintiff has failed to show that they will face irreparable harm in the absence of the preliminary relief they seek. Plaintiff's motion seeks to reinstate the prior version of a recently-amended regulation used to assess when a person must be discharged from PSRB jurisdiction. Or. Admin. R. 859-010-0005. But reinstatement of the prior version of that regulation does not necessarily mean that Plaintiff would be discharged. Thus, Plaintiff's

---

[1] Although this Court denied Defendants' motion to dismiss this claim, that motion turned on the facts alleged in the Complaint and depended on the limited arguments asserted by Defendants in their motion.

speculation that the amended regulation deprives them of their liberty is speculative and insufficient to establish irreparable harm for purposes of granting a preliminary injunction. *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury").

## CONCLUSION

For the reasons above, Plaintiff's Motion for Preliminary Injunction (ECF No. 33) is DENIED.

DATED this 9th day of December 2024.

                                                  s/ Mustafa T. Kasubhai
                                                  MUSTAFA T. KASUBHAI (He / Him)
                                                  United States District Judge