DAN RAYFIELD
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON # 132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
        James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>      Plaintiff,<br><br>    v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>      Defendants. | Case No.  6-24-cv-01127-MK<br><br>DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES |

Defendants Psychiatric Security Review Board ("PSRB") and Alison Bort, by and through her attorney Jill Schneider, answers Plaintiff's Complaint and sets forth defenses as follows:

Page 1 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
        JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## GENERAL RESPONSE

Defendants deny each and every material allegation of Plaintiff's Complaint not expressly admitted herein.

## JURISDICTION

### 1.

Defendants admit this Court has jurisdiction, but denies they deprived Plaintiff of his civil rights as alleged in Paragraph 1.

## VENUE

### 2.

Defendants admit Paragraph 2.

## THE PARTIES

### 3.

Defendants admit that Plaintiff has been under the jurisdiction of the Psychiatric Security Review Board (PSRB) since his adjudication for Arson, Burning and Reckless Burning in 2010, crimes for which Plaintiff asserted an insanity defense, admit that the PSRB is subject to the ADA, and admit that Defendant Bort serves as Executive Director of the PSRB, as alleged in Paragraphs 3 through 6.

## BACKGROUND

### 4.

In response to the allegations contained in Paragraph 7, Defendants admit that Plaintiff's Complaint does not allege entitlement to compensatory or monetary relief.

### 5.

Defendants deny the allegations contained in Paragraph 8.

### 6.

Paragraph 9 is an incomplete conclusion of law, requiring no response from Plaintiff.

Page 2 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
         JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**7.**

Defendants deny the allegations set forth in Paragraphs 10 through 12.

**8.**

Defendants admit that Plaintiff has been subject to minimal security provisions, at times, as alleged in Paragraph 13.

**9.**

Defendants admit that Plaintiff has been granted conditional releases on occasion from the Oregon State Hospital as alleged in Paragraph 14, which were later revoked for behavioral issues. Defendants deny that PSRB's community settings are overly segregated as alleged in Paragraph 14.

**10.**

Defendants deny that there is no mechanism for conditional releases to other states as alleged in Paragraph 15; Plaintiff has not been approved, nor has he applied, for a conditional release in 2024.

**11.**

In response to the allegations contained in Paragraph 16, Defendants admit that Plaintiff remains under the jurisdiction of the PSRB, which is authorized to conduct periodic hearings to determine the placement and supervision of defendants who successfully raise the insanity defense and remain mentally ill and dangerous.

**12.**

Defendants admit the allegations contained in Paragraph 17.

**13.**

Defendants admit that Plaintiff was conditionally released in 2015 as alleged in Paragraph 18, and deny Plaintiff was coerced into accepting treatment.

Page 3 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
          JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**14.**

Defendants admit that Plaintiff earned conditional releases multiple times, which were revoked or rescinded following Plaintiff's conduct. Defendants admit Plaintiff was supervised by the PSRB which and was subject to PSRB's conditions and ongoing oversight. Defendants deny that Plaintiff was unjustifiably segregated at any time as alleged in Paragraph 19.

**15.**

Defendants are without sufficient knowledge of Plaintiff's ability to self-identify his skills to admit or deny the allegations contained in Paragraphs 20 through 24. Defendants admit that Plaintiff was supervised by the PSRB and subject to PSRB's conditions and ongoing oversight. Defendants deny that Plaintiff was unjustifiably segregated at any time as alleged.

**16.**

Defendants admit Paragraph 25.

**17.**

Defendants are without sufficient knowledge of Plaintiff's ability to self-diagnose his conditions to admit or deny the allegations contained in Paragraph 26. Defendants admit Plaintiff was prescribed an antidepressant.

**18.**

Defendants deny the hearsay statements contained in Paragraph 27.

**19.**

Defendants are without sufficient knowledge of Plaintiff's thought processes or ability to self-diagnose his conditions to admit or deny the allegations contained in Paragraph 28.

**20.**

Defendants admit that Plaintiff was hospitalized and had his conditional release revoked as alleged in Paragraph 29. The remaining allegations contained in Paragraph 29 are conclusions of law, to which no response is required.

Page 4 -    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
           JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**21.**

Defendants admit the allegations contained in Paragraph 30.

**22.**

Defendants admit that Plaintiff "eloped" from PSRB's supervision as alleged in Paragraph 32 and deny that his actions did not place others in danger.

**23.**

Defendants admit the allegations contained in Paragraph 33.

**24.**

Defendants admit that Plaintiff's conditional releases were revoked several times, as alleged in Paragraph 34. Defendants are without sufficient knowledge of Plaintiff's thought processes or ability to self-diagnose his conditions to admit or deny the remaining allegations contained in Paragraph 34.

**25.**

Defendants admit the allegations contained in Paragraph 35.

**26.**

Defendants admit that Plaintiff remains under the supervision of the PSRB and subject to PSRB's conditions and ongoing oversight. Defendants deny that Plaintiff is unjustifiably segregated at any time as alleged in Paragraph 36.

**27.**

In response to Paragraphs 37 through 39, Defendants admit Plaintiff is supervised by the PSRB which and is subject to PSRB's conditions and ongoing oversight.

**28.**

Defendants are without sufficient knowledge of Plaintiff's ability to self-diagnose his conditions to admit or deny the allegations contained in Paragraph 39.

Page 5 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**29.**

Defendants lack sufficient information regarding unnamed OSH patients to admit or deny the allegations contained in Paragraph 40.

**30.**

Defendants are without sufficient knowledge of Plaintiff's ability to self-diagnose his conditions to admit or deny the allegations contained in Paragraph 41.

**31.**

Defendants admit the allegations contained in Paragraph 42.

**32.**

Defendants deny the allegations contained in Paragraphs 43 through 45 and deny that Plaintiff was unreasonably segregated at any time.

**33.**

Defendants deny that Plaintiff's confinement is unjustified and denies they discriminated against Plaintiff on the basis of his disabilities at any time, as alleged in Paragraph 46.

**34.**

The allegations in Paragraphs 47 through 49 are conclusions of law to which no response is required. If further response is deemed necessary, Defendants deny they discriminated against Plaintiff on the basis of his disabilities at any time.

**35.**

In response to Paragraphs 50 through 54, Defendants admits that OAR 859-010-0005(8) was modified in 2023 to provide definitions for "danger" "substantial danger" and "dangerousness." Defendants deny that the modification removed a causal nexus between a qualifying disorder and a person's dangerousness, as alleged in Paragraphs 50 through 54 and deny the modification violates interpretations of statutory authority.

Page 6 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**36.**

Defendants are without sufficient knowledge of Plaintiff's thought processes or ability to self-diagnose his conditions to admit or deny the allegations contained in Paragraph 55.

## STATUTORY AND REGULATORY BACKGROUND

**37.**

The allegations set forth in Paragraphs 59 through 69 are conclusions of law to which no response is required. If further response is required, Defendants deny that Plaintiff was unreasonably segregated at any time.

**38.**

In response to Paragraphs 70 through 77, Defendants admit that Plaintiff remains under the supervision of the PSRB and is subject to PSRB's conditions and ongoing oversight. Defendants deny that Plaintiff was unreasonably segregated at any time.

**39.**

In response to Paragraph 78 through 82, Defendants admit that Plaintiff's treating records speak for themselves, deny that Plaintiff was unreasonably segregated at any time, and deny his treatment was in violation of the ADA.

**40.**

In response to Paragraph 83, the entitlement to a jurisdictional discharge under ORS 161.346 is a conclusion of law and requires no response from Defendants. If further response is required, ORS 161.346 provides authority to the PSRB to hold a hearing and determine whether a discharge or conditional release is appropriate based upon submitted written reports.

**41.**

Defendants admit that Plaintiff seeks declaratory and injunctive relief and denies that they have violated statutory obligations at any time.

Page 7 -    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
           JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**42.**

The allegations contained in Paragraphs 85 through 91 are conclusions of law for which no response is required from Defendants. If further response is deemed necessary, Defendants admit that OAR 859-010-0005(8) was modified in 2023 to provide definitions for "danger" "substantial danger" and "dangerousness." Defendants deny that the modification removed a causal nexus between a qualifying disorder and a person's dangerousness, deny the modification violates interpretations of statutory authority or violates constitutional rights.

## COUNT I

## VIOLATION OF TITLE II OF THE ADA

**43.**

Defendants admit the allegations contained in Paragraphs 93 and 94.

**44.**

The allegations contained in Paragraphs 95 and 96 are conclusions of law, to which no response is required. If further response is deemed necessary, Defendants deny they violated the ADA at any time.

## COUNT II

## VIOLATION OF DUE PROCESS

**45.**

In response to the allegations in Paragraph 98, Defendants admit that Allison Bort was acting under the color of state law. Defendants deny that the PSRB remains a party to this claim, following the court order on Defendants' Motion to Dismiss.

**46.**

Defendants admit Paragraph 99.

**47.**

The allegations contained in Paragraphs 100 through 103 are conclusions of law to which no response is required. If further response is deemed necessary, Defendants admit that OAR

Page 8 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
         JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

859-010-0005(8) was modified in 2023 to provide definitions for "danger" "substantial danger" and "dangerousness." Defendants deny that the modification removed a causal nexus between a qualifying disorder and a person's dangerousness, and deny the modification violates interpretations of statutory authority or violates constitutional rights.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Affirmative Defense — Failure to State Claim

**48.**

Plaintiff fails to state a claim upon which this Court can grant relief under one or more of the theories set forth in the Compliant.

### Second Affirmative Defense — Objective Basis for Decisions

**49.**

Defendants had valid, legitimate, objectively reasonable, and non-discriminatory reasons for all actions taken regarding the terms and conditions of Plaintiff's treatment while under the supervision of the PSRB, and such actions were not based upon any improper motive or taken for any improper purpose.

### Third Affirmative Defense — Failure to Exhaust Administrative Remedies

**50.**

Plaintiff failed to exhaust his administrative remedies to challenge the validity or duration of his confinement.

### Fourth Affirmative Defense — Plaintiff Responsible for Harm

**51.**

Some or all of the harm complained of was a result of the Plaintiff's own actions, inactions, or participation in the activities complained of.

Page 9 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
         JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### Fifth Affirmative Defense — Exercise of Discretionary Functions

**52.**

All actions taken by Defendants with respect to the terms and conditions of Plaintiff's employment represented exercise of discretionary functions, and Defendants are therefore entitled to immunity upon that ground.

### Sixth Affirmative Defense — Good Faith Immunity

**53.**

All actions taken by Bort were at all times privileged, reasonable and appropriate, and were taken in objective good faith, and Bort is therefore entitled to good faith immunity from Plaintiff's 42 U.S.C. § 1983 claim.

### Seventh Affirmative Defense — Qualified Good Faith Immunity

**54.**

To the extent that any action complained of herein violated a right of Plaintiff, under the circumstances presented, no reasonable public official could have understood that their conduct represented a violation of Plaintiff's constitutionally protected rights. Defendant Bort is therefore entitled to qualified good faith immunity from Plaintiff's 42 U.S.C. § 1983 claim.

### Ninth Affirmative Defense — Due Process

**55**.

Plaintiff received all the process required by law.

WHEREFORE Defendants PSRB and Allison Bort pray as follows:

1. That Plaintiff be denied recovery, or the relief requested upon the claims set forth in the Complaint and that the Complaint be dismissed with prejudice in its entirety;

2. That Defendants recover their reasonable costs and attorneys' fees expended in defense of this matter; and

Page 10 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
            JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

3. That the Defendants be granted such other and further relief as this Court deems just and equitable.

DATED January 2, 2025.

          Respectfully submitted,

          DAN RAYFIELD
          Attorney General


          *s/Jill Schneider*
          JILL SCHNEIDER #001619
          Senior Assistant Attorney General
          JAMES M. AARON # 132865
          Assistant Attorney General
          Trial Attorney
          Tel (971) 673-1880
          Fax (971) 673-5000
          Jill.Schneider@doj.oregon.gov
          James.Aaron@doj.oregon.gov
          Of Attorneys for Defendants

Page 11 -   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
    JS/s5h/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on January 2, 2025, I served the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Preston Berman<br>2600 Center Street NE<br>Salem, OR 97301<br>    *Pro Se Plaintiff* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br> X  E-MAIL<br>___ E-SERVE |

            *s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON # 132865
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.oregon.gov
James.Aaron@doj.oregon.gov
Of Attorneys for Defendants

Page 1 -    CERTIFICATE OF SERVICE
            JS/s5h/966466698

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000