PRESTON BERMAN
2600 Center St. NE
Salem, OR 97301-2669
Telephone: (503) 947-3764

FILED14 MAR '25 10:56USDC·ORP

Plaintiff, appearing Pro Se

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **PRESTON BERMAN**, | Case No: 6:24-cv-01127-MTK |
| Plaintiff, | |
| v. | PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| **PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT**, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board, | |
| Defendants. | |

I, Preston Berman, Plaintiff appearing pro se, respectfully move this Court under Federal Rule of

Civil Procedure 15(a)(2) for leave to file an amended complaint. The proposed amendment adds

a request for $300,000 in compensatory damages under Count I (Violation of Title II of the

Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.) to address emotional distress, loss of

liberty, and economic harm caused by Defendants' intentional discrimination from 2022 through

the present and ongoing, as evidenced by new testimony from Dr. James Peykanu at my

PAGE 1 - PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

February 26, 2025, Psychiatric Security Review Board (PSRB) hearing (Exhibit A, PSRB Hearing Transcript). This amendment supplements my original requests for declaratory and injunctive relief, reflecting ongoing harm intensified by the PSRB's recent decision to deny my jurisdictional discharge despite my demonstrated stability.

Additionally, the amendment updates Count II (Fourteenth Amendment Due Process) to incorporate Dr. Peykanu's testimony and the PSRB's February 26, 2025, decision, clarifying the ongoing violation from 2022 through the present, without altering its request for declaratory and injunctive relief.

## INTRODUCTION

I filed my original complaint on July 10, 2024, seeking declaratory and injunctive relief to end the PSRB's unconstitutional confinement and segregation under Title II of the ADA and the Fourteenth Amendment Due Process Clause. At that time, I did not seek monetary damages, focusing instead on securing my release. However, new evidence from my February 26, 2025, PSRB hearing—specifically, Dr. Peykanu's testimony confirming my stability since June 2022 and lack of substantial dangerousness—reveals the PSRB's deliberate indifference, intensifying my harm since 2022. This motion seeks to amend the complaint to include $300,000 in damages for this period and ongoing, ensuring the Court can fully address the violations I continue to endure.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave [to amend] when justice so requires." Leave should be granted unless there is undue delay, bad faith, prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). As a pro

se litigant, my pleadings are held to a less stringent standard, and I am entitled to liberal construction of my requests. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## ARGUMENT

Justice requires granting leave to amend my complaint for the following reasons:

1. **New Evidence Justifies the Amendment**

   Dr. James Peykanu's testimony on February 26, 2025 (Exhibit A), establishes that I have maintained exceptional stability since June 2022, with no severe manic episodes, due to proactive self-monitoring and medication adherence. Despite this, the PSRB denied my discharge, extending my confinement and segregation. This new evidence, unavailable when I filed my original complaint, demonstrates the PSRB's intentional discrimination under Title II, warranting compensatory damages of $300,000 for emotional distress ($175,000), loss of liberty ($100,000), and economic harm ($25,000) from 2022 onward.

2. **No Undue Delay**

   I seek to amend promptly after the February 26, 2025, hearing, filing this motion on March 10, 2025, less than two weeks later. The case, initiated in July 2024, remains in early stages, with no trial date set as of this date. This timing reflects diligence, not delay.

3. **No Prejudice to Defendants**

   Defendants will not be prejudiced, as the amendment builds on existing claims under Title II and due process, adding damages based on facts already at issue (e.g., Complaint Paragraphs 11, 84). The PSRB's own hearing record (Exhibit A) provides notice of the underlying evidence, and discovery can accommodate this adjustment without disrupting proceedings.

4. **No Bad Faith or Futility**

My request is made in good faith to address ongoing harm, supported by Dr. Peykanu's

sworn testimony and my documented injuries (e.g., 2023 suicide attempt, Paragraph 84).

The amendment is not futile, as Title II permits compensatory damages for intentional

discrimination (*Barnes v. Gorman*, 536 U.S. 181, 2002), which I allege through the

PSRB's deliberate indifference to my rights since 2022.

5. **Justice Requires Relief**

As a pro se plaintiff confined at Oregon State Hospital, I face severe, ongoing

harm—emotional distress, lost liberty, and economic opportunities—exacerbated by the

PSRB's recent decision. Amending my complaint ensures the Court can grant complete

relief, aligning with Rule 15's liberal standard and my right to be heard.

## CONCLUSION

I respectfully request that this Court grant leave to file the attached Amended Complaint, adding

$300,000 in compensatory damages under Count I for harms from 2022 through 2025 and

ongoing. This amendment is timely, evidence-based, and necessary to address the PSRB's

intentional discrimination, serving the interests of justice.

## PRAYER FOR RELIEF

Plaintiff requests that this Court:

1. Grant leave to file the Amended Complaint, attached hereto;

2. Provide such other relief as the Court deems just and proper.

DATED: March 10, 2025.


                                        Respectfully submitted,


                                        s/ *Preston Berman*
                                        PRESTON BERMAN
                                        2600 Center St. NE
                                        Salem, OR 97301-2669
                                        Telephone: (503) 947-3764

                                        Plaintiff, appearing Pro Se

## CERTIFICATE OF SERVICE

I certify that on March 10, 2025, I served the foregoing PLAINTIFF'S MOTION FOR

LEAVE TO FILE AMENDED COMPLAINT upon the parties hereto by the method indicated

below, and addressed to the following:


DAN RAYFIELD                              ____ HAND DELIVERY
Attorney General                          ____ MAIL DELIVERY
JILL SCHNEIDER #001619                    ____ OVERNIGHT MAIL
Senior Assistant Attorney General         ____ TELECOPY (FAX)
JAMES M. AARON #132865                     _X_ E-MAIL
Assistant Attorney General                ____ E-SERVE
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email: Jill.Schneider@doj.oregon.gov
Email: James.Aaron@doj.oregon.gov

Attorneys for Defendants




        DATED: March 10, 2025.                Respectfully submitted,


                                             s/ Preston Berman
                                             PRESTON BERMAN
                                             2600 Center St. NE
                                             Salem, OR 97301-2669
                                             Telephone: (503) 947-3764


                                             Plaintiff, appearing Pro Se




PAGE 1 - CERTIFICATE OF SERVICE