DAN RAYFIELD
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
           James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>        Plaintiff,<br><br>    v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>        Defendants. | Case No.  6-24-cv-01127-MTK<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

Defendants Psychiatric Security Review Board ("PSRB" and "Board") and Allison Bort respond to Plaintiff's Motion for Preliminary Injunction, as follows.

**INTRODUCTION**

Plaintiff's status has evolved since they filed the initial Complaint in July, 2024. As summarized by the Court in its 2024 Opinion and Order, Plaintiff is and remains under the

Page 1 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
           JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

jurisdiction of the PSRB after being adjudicated for specific offenses and deemed guilty except for insanity. (Compl. ¶ 3-4, ECF 1). They have spent five years on conditional release, and nine in more segregated surroundings at the Oregon State Hospital. *Id.*, *passim.* Pursuant to ORS 161.341(1), Plaintiff came before the PSRB for his two-year Revocation Hearing on February 26, 2025. (Decl. of Jill Schneider, Ex. 1). At the hearing, they stipulated to a qualifying medical disorder but asked for a discharge from PSRB's jurisdiction. *Id.*

On April 4, 2025, the Board issued a Commit Order, finding that Plaintiff, without adequate supervision and treatment, would continue to present a substantial danger to others. *Id.* The Board denied the request for a jurisdictional discharge, but approved Plaintiff for a conditional release, contingent upon specific medical information and the availability of appropriate community resources. *Id.*

Plaintiff has filed a motion for preliminary injunction, requesting relief from the denial of a jurisdictional discharge. Plaintiff's motion should be denied; they are unlikely to succeed on the merits.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Wolfe v. City of Portland,* 566 F. Supp. 3d 1069, 1080 (D. Or. 2021), quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Id*. at 20, 129 S.Ct. 365 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction). Where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
        JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." *Wallace v. Pedro*, No. 2:23-CV-00704-YY, 2024 WL 3183233, at *2 (D. Or. June 26, 2024), citing 18 U.S.C. § 3626(a)(2).

The likelihood of success on the merits "is the most important" factor; if a movant fails to meet this "threshold inquiry," the court need not consider the other factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

A preliminary injunction can take two forms. A prohibitory injunction prohibits a party from taking action and "preserve[s] the status quo pending a determination of the action on the merits." *Parks v. Lake Oswego Sch. Dist.*, 2024 WL 4879360, at *8 (D. Or. Nov. 25, 2024), *citing Chalk v. U.S. Dist. C*t., 840 F.2d 701, 704 (9th Cir. 1988); *see also Heckler v. Lopez*, 463 U.S. 1328, 1333 (1983) (a prohibitory injunction "freezes the positions of the parties until the court can hear the case on the merits").

A mandatory injunction orders a responsible party to take action. A mandatory injunction goes well beyond simply maintaining the status quo pendente lite and is particularly disfavored. In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages. *Id.* The high standard for granting a preliminary injunction is further heightened when the type of injunction sought is a "mandatory injunction." *Id.*, *citing Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (noting that the burden is "doubly demanding" for a mandatory injunction). A request for a mandatory injunction seeking relief beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994).

Plaintiff is seeking a mandatory injunction, asking to be released from PSRB's jurisdiction. They do not seek to preserve the status quo and provide no justification to deviate from the general rule that mandatory injunctions should not be granted.

Page 3 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
            JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## ANALYSIS

**1. Plaintiff is unlikely to succeed on the merits.**

Plaintiff is unlikely to succeed on the merits for three reasons. First, the attempt to be released from the Board's jurisdiction is more properly addressed by a petition for habeas corpus. Second, for the purpose of this motion, Plaintiff asserts a unified view from their treatment providers which is not supported by the record. Third, Plaintiff rests their belief that they were denied Due Process on an administrative rule which is no longer valid.

### A. Plaintiff's federal remedy should be a writ of habeas corpus.

Plaintiff alleges that the continued jurisdiction by the PSRB is a violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Due Process Clause of the Fourteenth Amendment. Because plaintiff is "in custody pursuant to the judgment of a State court," 28 U.S.C § 2254, and because his claims challenge the very fact or duration of that custody, his only federal remedy is via habeas corpus.[1]

It is well established that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[2] That is so even when the prisoner challenges an administrative decision affecting the length of custody rather than the underlying judgment itself. *See id.* (so holding where the plaintiffs challenged a state prison's administrative revocation of good-time credits). In reaching that conclusion, the Court reasoned that Congress had "determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement" and that allowing prisoners to

---

[1] Because plaintiff has not exhausted state remedies, defendants will seek to dismiss a new amended complaint, rather than converting the amended complaint to a habeas petition.

[2] Although *Preiser* involved claims brought under 42 U.S.C. § 1983, its holding applies equally to claims, like plaintiff's First Claim, brought under the ADA. *Bogovich v. Sandoval*, 189 F.3d 999, 1002–03 (9th Cir. 1999).

Page 4 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
         JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

avoid the habeas statute's exhaustion requirement "by the simple expedient of putting a different label on their pleadings" would "wholly frustrate explicit congressional intent." *Id.* at 489–90.

A habeas court's jurisdiction under § 2254's extends to anyone "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). That includes not only people who are physically imprisoned but also anyone who, because of a state-court judgment, suffers restraints on liberty not shared by the public generally. *Wright v. Alaska*, 47 F.4th 954, 956 (2022). Thus, someone under the custody and control of a parole board, *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963), or committed to a state psychiatric hospital, *Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983), is "in custody" within the meaning of § 2254.

Here, plaintiff was found guilty except for insanity and committed by a state court in 2010 to the jurisdiction of the Board for no more than 20 years. (Compl., ¶ 3); *see also* ORS 161.327(1)(a) (providing for commitment to the Board when a defendant is found guilty except for insanity of a felony). They have been physically confined to the Oregon State Hospital during the pendency of this action. (*See* Complaint, ¶ 10.) Even if the community resources become available so that they are conditionally released in the near future, they will remain subject to restraints on liberty not shared by the public generally, analogous to parole. In particular, they would be under the supervision of a community agency, subject to any conditions imposed by the Board either then or at any time in the future, and subject to revocation and commitment to the Oregon State Hospital or another such facility at any time. *See* ORS 161.336; OAR 859-070-0015; OAR 859-070-0025. They therefore are and will remain "in custody pursuant to the judgment of a State court" within the meaning of § 2254 for the foreseeable future.

The essential premise of both of the claims asserted by Plaintiff claims is that the Board's continuing exercise of jurisdiction over them—i.e., the cause of their ongoing custody status—violates federal law. Indeed, they ask this Court to enter an order terminating that jurisdiction (Motion for Preliminary Injunction, p. 10), which would immediately end their custody. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (so holding regarding damages claim that

Page 5 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
           INJUNCTION
      JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

"would, if established, necessarily imply the invalidity of the deprivation of [the plaintiff's] good-time credits"). When an ADA claim raises the specter of a challenge to the validity or duration of confinement, the court must determine whether the petitioner's sole federal remedy lies in the writ of habeas corpus. *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999), *Id.* at 1003. Accordingly, Plaintiff's claim is not suitable for the extraordinary remedy of a preliminary injunction, as they cannot make the "clear showing" that is required for a preliminary injunction.

### B. Plaintiff's expert testimony does not remove Plaintiff's from the Board's jurisdiction.

Secondly, Plaintiff's assertion that expert testimony "demonstrates that Plaintiff no longer poses a substantial danger to others because of their proactive self-management of their mental condition" is undercut by the record. *See* Plaintiff's Ex.1 at S2 45:56- S5 45:14:

> . . .So, I, I just wanted to pin you down. Um, with regard to your opinion regarding Preston's current dangerousness, you have no opinion regarding dangerousness, Is that correct?
>
> *Trying to—I do think that, um, it is—I feel that there are strong arguments on both sides of that based on history as well as current projection for the future. So like on the one hand, there's the history and on the other hand, there's the management over the last couple of years.*

Transcript, PSRB Hearing, attached as Ex. A to Plaintiff's Motion for Preliminary Injunction. The Commit Order, dated April 4, 2025, concluded:

> Preston Berman, without adequate supervision and treatment, would continue to present a substantial danger to others, as demonstrated by the underlying facts in the record.

Commit Order, April 4, 2025, Ex. 1, Schneider Decl.

The record establishes that there is no unanimity in the assessments of Plaintiff's dangerousness. Plaintiff has not met his burden to show why this Court should issue a preliminary injunction, a legal remedy disfavored generally.

Page 6 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
            INJUNCTION
       JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### C. The Administrative Rules for PSRB clarify that dangerousness can be rendered by a combination of factors, rather than being solely attributable to a qualifying mental disorder.

Finally, the 2024 rule (OAR 859-010-0005(8)) Plaintiff objected to as purportedly eliminating the causal link between an individual's qualifying illness and their dangerousness is no longer in force. In March 2025, the rule was amended again, to make the necessary connection between a qualifying mental disorder and dangerousness in order to sustain the Board's jurisdiction. (Temporary Rule, attached as Exhibit B to Schneider Decl.)  Plaintiff claimed that OAR 859-010-0005(8) allowed for indefinite detention of individuals without demonstrating that their mental illness is the direct cause of their dangerousness. (Compl. ¶ 106). Because the 2025 rule change moots Plaintiff's argument that they are being detained indefinitely without the necessary legal justification, Plaintiff's claim of due process violations is also mooted.

### 2. Because Plaintiff is unlikely to succeed on the merits, claims of irreparable harm are insufficient for a preliminary injunction.

Plaintiff asserts they will suffer irreparable harm by the Board's refusal to grant them a jurisdictional discharge. The Board did grant a conditional release, contingent upon specific medical information and the availability of appropriate community resources. (Ex. B, Plaintiff's motion). Plaintiff's argument appears to be that a measured response to Plaintiff's continued improvement is irreparable. That argument discounts Plaintiff's prior difficulties with conditional releases, in 2019 and 2021, and their medications, medical treatment, supervision and treatment for their qualifying medical condition which have allowed them to progress in the ability to recognize and mitigate manic episodes.

Page 7 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY
              INJUNCTION
         JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

Plaintiff cannot make the requisite showing that they will likely succeed on the merits. Plaintiff is asking to alter the length of their imprisonment, an argument that is more properly addressed in a habeas petition in state court. Their claim of supporting expert testimony is ambiguous, at best, and their Due Process claims are now mooted. They fail to make the clear showing that the change in the status quo is required. The Motion for a Preliminary Injunction should be denied.

DATED April  17 , 2025.

                                          Respectfully submitted,

                                          DAN RAYFIELD
                                          Attorney General

                                          *s/ Jill Schneider*
                                          JILL SCHNEIDER #001619
                                          Senior Assistant Attorney General
                                          JAMES M. AARON #132865
                                          Assistant Attorney General
                                          Trial Attorney
                                          Tel (971) 673-1880
                                          Fax (971) 673-5000
                                          Jill.Schneider@doj.oregon.gov
                                          James.Aaron@doj.oregon.gov
                                          Of Attorneys for Defendants

Page 8 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
        JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

  I certify that on April __18__, 2025, I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Preston Berman<br>2600 Center Street NE<br>Salem, OR 97301<br>  *Pro Se Plaintiff* | ___ HAND DELIVERY<br>_X_ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br>___ E-SERVE<br>_X_ E-MAIL<br>pberman33@gmail.com |

            *s/ Jill Schneider*
            JILL SCHNEIDER #001619
            Senior Assistant Attorney General
            JAMES M. AARON # 132865
            Assistant Attorney General
            Trial Attorney
            Tel (971) 673-1880
            Fax (971) 673-5000
            Jill.Schneider@doj.oregon.gov
            James.Aaron@doj.oregon.gov
            Of Attorneys for Defendants

Page 1 - CERTIFICATE OF SERVICE
    JS/s5h/966466698
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000