DAN RAYFIELD
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
           James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>　　　　　Defendants. | Case No.  6-24-cv-01127-MTK<br><br>DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT |

## LR 7-1 DECLARATION

## MOTION TO DISMISS

### MOTION

Defendants Psychiatric Security Review Board ("PSRB") and Alison Bort, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board, move for summary judgment dismissing all of Plaintiff's claims for relief for failure to state a claim.

Page 1 -   DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
　　　　　JS/bm6/966465644

Plaintiff's claims against the Defendants stem from their[1] belief that they should be released from the PSRB's jurisdiction. Plaintiff claims the continued jurisdiction of the PSRB is a violation of the American Disabilities Act, 42 U.S.C. § 1983 12131 *et seq* and deprived them of Due Process under the 14th Amendment and 42 U.S.C.§ 1983.

The claims directed against the Defendants cannot be sustained. Plaintiff's federal remedy is through a petition for habeas corpus, and because Plaintiff has failed to exhaust their remedies in state court, this action should not be converted to a habeas petition. Plaintiff's Amended Complaint also fails to state a claim for violation of Due Process under the 14th Amendment. Additionally, the Amended Complaint asks compensatory damages; PSRB has immunity for the decisions it makes.

This motion is supported by the accompanying *Memorandum of Law in Support of Motion to Dismiss Amended Complaint.*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## BACKGROUND

Plaintiff's lengthy background with the PSRB was discussed and annotated in the original Motion to Dismiss. (ECF 23). Since that motion was granted in part, and denied in part (ECF 37), Plaintiff has filed a Motion for a Temporary Restraining Order, which was denied (ECF 54) and a Motion for Preliminary Injunction (ECF 50). Defendants filed a response to the Motion for Preliminary Injunction (ECF 59). On April 21, 2025, Plaintiff filed an Amended Complaint (ECF 61).

By order dated May 20, 2025 (ECF 66), this Court determined the matter is now ripe for summary determination and invited the litigants to submit a final round of supplemental briefing. Accordingly, Defendants incorporate their briefing in the Response to the Motion for

---

[1] Both Plaintiff's original Complaint and the Amended Complaint self-identified Plaintiff with he/him pronouns.  The last Commit Order uses they/them pronouns to refer to Plaintiff. Defendants do not wish to be disrespectful and will use the pronouns utilized by the most recent medical records and Commit Order.

Page 2 -   DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
           JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Preliminary Injunction (ECF 59), and respond to Plaintiff's supplemental arguments made in their Response to the Reply to the Motion for Preliminary Injunction (ECF 62) and Supplemental Brief (ECF 67).

## LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings to identify facts that show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

## ARGUMENT

**A.      Plaintiff's claims must be brought, if at all, in habeas corpus.**

As argued in the Response to the Motion for a Preliminary Injunction, Plaintiff alleges in their Amended Complaint that, by not granting them a jurisdictional discharge, Defendants violated Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Due Process Clause of the Fourteenth Amendment. Because Plaintiff is "in custody pursuant to the judgment of a State court," 28 U.S.C § 2254, and because their claims challenge the very fact or duration of that custody, their only federal remedy is via habeas corpus. Moreover, because Plaintiff has not exhausted their state remedies, their complaint may not be converted to a habeas petition and must instead be dismissed. Defendants incorporate the previous arguments submitted on this issue.

Plaintiff has subsequently argued that any habeas analysis is misplaced because Plaintiff was committed to the jurisdiction of the PSRB as a civil commitment. (Reply to Response to

Page 3 -    DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
            JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Motion for Preliminary Injunction, ECF 62, p. 23). But habeas jurisdiction doesn't turn on whether the cause of the custody is a criminal conviction. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, (1973). When a prisoner challenges "the fact or duration of his confinement[ ] based ... upon the alleged unconstitutionality of state administrative action[,][s]uch a challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction." *Id*. at 489. That is precisely what Plaintiff is doing with this lawsuit – they are challenging the duration of their confinement by alleging the PSRB is acting unconstitutionally.

Indeed, the Supreme Court has consistently held that a prisoner in state custody must seek habeas corpus relief to challenge "the fact or duration of his confinement." *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005), citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481(1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

The cases Plaintiff cited in their Reply to the Response to the Motion for Preliminary Injunction are distinguishable. *Wilkinson v. Dotson,* 544 U.S. 74 (2005) involved a challenge to the procedures used by a parole board. If the *Wilkinson* plaintiffs succeeded in their lawsuit, their success would have led only to a new parole hearing at which the parole board could again deny release. Therefore, the claim would not imply the invalidity of the ongoing custody. *Id.* at 82. Here, by contrast, Plaintiff is alleging that PSRB's ongoing custody of them is unlawful, which would mean their immediate release from custody. That is the essence of a habeas procedure.

Neither *Hydrick v. Hunter,*[2] 500 F.3d 978 (9th Cir. 2007) nor *Thomas S. v. Morrow,*[3] 781 F.2d 367 (4th Cir. 1986)*,* cited by Plaintiff, discussed habeas. Instead, the litigation in both of the

---

[2] The *Heydrick* litigation involved sexual offenders, civilly confined in a state psychiatric facility who challenged the conditions, including forced medication and treatment, of their confinement.

[3] The *Thomas* court held that a state should implement a training or treatment plan prescribed by its own professionals for a young incompetent adult who has been a ward of the state from birth.

Page 4 -   DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

cases concerned prison <u>conditions</u>, not the duration or validity of the confinement. As to *Youngberg v. Romeo*, 457 U.S. 307 (1982), *State v. Gile*, 161 Or. App. 146 (1999) and *Kansas v. Hendricks*, 521 U.S. 346 (1997), each of those cases stand for the proposition that involuntary commitments, including Guilty Except for Insanity, are non-punitive and therefore not subject to Eighth Amendment analysis. That is irrelevant to the question at issue here—whether Plaintiff seeks speedier or immediate release from custody pursuant to a state-court judgment. They do, and, accordingly, must seek habeas relief only.

In sum, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Chung v. P.S.R.B.*, No. 2014 WL 4629347, at *2 (D. Or. Sept. 12, 2014), citing *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

**B.     Plaintiff cannot sustain a Due Process violation claim.**

Plaintiff apparently concedes that their original claim of a Due Process violation is now moot, due to a modification of OAR 859-010-0005(8). They have changed their argument to now assert that they have been subjected to unconstitutional deprivation of liberty per *Foucha v. Louisiana*, 504 U.S. 71 (1992). This argument misrepresents both the *Foucha* decision and ORS 161.346.

The *Foucha* court held that involuntary commitment in a mental institution is improper, and a violation of the Due Process Clause, absent a determination in civil commitment proceedings of current mental illness and dangerousness. *Foucha v. Louisiana*, 504 U.S. 71, 78 (1992). In this matter, there <u>is</u> a determination that Plaintiff suffers from a "qualifying mental disorder" and that they "without adequate supervision and treatment, would continue to present a substantial danger to others." Commit Order, dated April 4, 2025, attached as Ex.1 to Schneider Decl. (ECF 60). Plaintiff disagrees with that determination, but the disagreement does not

Page 5 -   DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

support a violation of *Foucha v. Louisiana.* Defendants are in compliance with the holding in *Foucha*.

Plaintiff also asserts that ORS 161.346 (1) requires a determination that a person presents a substantial danger to others *as a result of their mental disorder.* (Reply to Response to Motion for Protective Order, ECF 62, p. 13, emphasis in original). Defendants do not disagree; the Commit Order makes the determination required by ORS 161.346 (1). *See* Commit Order ECF 60, p. 2, ¶3 ("The Board finds that the preponderance of evidence supports that Mx. Berman continues to require regular medical care, medication, supervision and treatment of their qualifying medical disorder to prevent their risk of substantial danger to others from recurring.").

Finally, Plaintiff argues that ORS 161. 346 (1)(a) requires a finding of <u>current</u> dangerousness. They neglect to cite to ORS 161.346 (1)(b) which provides that "... if a person still affected by a qualifying mental disorder and is a substantial danger to others, but can be controlled adequately if conditionally released with treatment as a condition of release, the board shall order the person conditionally released." 161.346 (1)(b).

The administrative rule which provides the criteria for jurisdiction under the PSRB provides that a "qualifying mental disorder" may include one that is not currently active, and that when active, renders the person a substantial danger to others. OAR 859-030-001(3) (a) and (b). In the most recent Commit Order, Plaintiff was deemed to be a proper candidate for a conditional release, in accordance with ORS 346 (1)(b), when the community resources become available.

Plaintiff has a qualifying mental disorder that is currently sufficiently controlled, but without adequate supervision and treatment, would continue to present a substantial danger to others. Commit Order (ECF 60). The Commit Order complies with ORS 161.346, and is not in violation of Plaintiff's constitutional rights.

**C.  Defendants' decision to deny release from PSRB's jurisdiction is entitled to absolute immunity.**

In Plaintiff's Amended Complaint, they allege compensatory damages for the claims, in addition to the injunctive and declaratory relief previously sought. Generally, government

Page 6 -    DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
    JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

officials performing discretionary functions are entitled to qualified immunity, shielding the officials from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). In this matter, the Defendants' immunity is more than qualified. The general rule is that a judge acting in his or her judicial capacity is entitled to absolute immunity from damage claims. *Praggastis v. Clackamas County*, 305 Or. 419, 426, 752 P.2d 302 (1988). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine." *Harrison v. Potts*, 2024 WL 4869581, at *2 (D. Or. Nov. 19, 2024), citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

      The Plaintiff's allegations, and entitlement to all of the requested relief, arise from Defendants' performance of their judicial functions, specifically the decision to deny Plaintiff a release from jurisdiction. "Executive branch hearing examiners [and] judicial officers" are afforded absolute judicial immunity. *Chung v. P.S.R.B.*, 2014 WL 4629347, at *3 (D. Or. Sept. 12, 2014), citing *Anderson v. Boyd*, 714 F.2d 906, 908 (9th Cir .1983) (citation omitted), *State v. Pilip*, 111 Or .App. 649, 650, 826 P.2d 15 (1992) (trial court "has no authority to order conditions of release or otherwise interfere with PSRB's supervision of the case" once "jurisdiction passes to PSRB"). PSRB's determination regarding whether to discharge an individual from its jurisdiction "shares enough of the characteristics of the judicial process," that PSRB is entitled to quasi-judicial immunity in making that determination. *Harmon v. State by & through Psychiatric Sec. Rev. Bd.*, 320 Or. App. 406 (2022). Plaintiff's claims are premised on Defendants' executive decisions. Thus, Defendants are absolutely immune from any claim for civil damages.

Page 7 -   DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
          JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

With the Amended Complaint, Plaintiff is challenging both the fact and duration of their confinement. Accordingly, Plaintiff's only avenue for relief is through a habeas petition. Plaintiff cannot sustain a Due Process claim, and Defendants are entitled to absolute immunity for the decision to consider Plaintiff a suitable candidate for a conditional release once resources become available and retain jurisdiction over them. Summary judgment in favor of the Defendants should be granted, and Plaintiff's Amended Complaint should be dismissed.

DATED June  9 , 2025.

        Respectfully submitted,

        DAN RAYFIELD
        Attorney General


        *s/ Jill Schneider*
        JILL SCHNEIDER #001619
        Senior Assistant Attorney General
        JAMES M. AARON #132865
        Assistant Attorney General
        Trial Attorney
        Tel (971) 673-1880
        Fax (971) 673-5000
        Jill.Schneider@doj.oregon.gov
        James.Aaron@doj.oregon.gov
        Of Attorneys for Defendants

Page 8 -    DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
        JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

      I certify that on June  9th , 2025, I served the foregoing DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Preston Berman<br>2600 Center Street NE<br>Salem, OR 97301<br>    *Pro Se Plaintiff* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br> X  E-MAIL<br>___ E-SERVE |

                            *s/ Jill Schneider*
                            JILL SCHNEIDER #001619
                            Senior Assistant Attorney General
                            JAMES M. AARON # 132865
                            Assistant Attorney General
                            Trial Attorney
                            Tel (971) 673-1880
                            Fax (971) 673-5000
                            Jill.Schneider@doj.oregon.gov
                            James.Aaron@doj.oregon.gov
                            Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
           JS/s5h/966466698

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000