DAN RAYFIELD
Attorney General
JILL SCHNEIDER  #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Jill.Schneider@doj.oregon.gov
        James.Aaron@doj.oregon.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Berman, Preston,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board,<br><br>　　　　　Defendants. | Case No. 6-24-cv-01127-MTK<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN OPPOSITION |

　　　　For Defendants' final submission contemplated by the May 5, 2025 Order (ECF 66), Defendants respond to Plaintiff's Reply in Opposition of Defendants' Motion to Dismiss, as follows.

Page 1 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN OPPOSITION
　　　　　JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**A. Plaintiffs' claims for injunctive relief do not nullify the requirement that any remedy must be pursued through a habeas corpus action.**

Plaintiff argues that their action, which they define as 'challenging systemic discrimination and procedural deficiencies" is not controlled by habeas corpus principles because the complaint does not "solely contest[] the fact or duration of confinement." (Reply, p. 2). This argument is directly contradicted by *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The *Preiser* court noted that Congress' determination that habeas corpus was the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement was inclusive, and "that specific determination must override the general terms of [section] 1983." *Id.* at 490.

Plaintiff is correct that Defendants rely heavily on *Wilkinson v. Dotson*, 544 U.S. 74 (2005) as well as *Preiser v. Rodriguez,* supra. Both cases stand for the proposition that Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity <u>of the fact or length of their confinement</u>. *Wilkinson v. Dotson*, 544 U.S. 74, 75 (2005) (neither prisoner sought an injunction ordering his immediate or speedier release into the community.); *Preiser v. Rodriguez*, 411 U.S. 475 at 500,( when prisoner seeks a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus).

Plaintiff is incorrect that calling for an injunction changes the analysis. As observed by the *Preiser* court, "[i]t would wholly frustrate explicit congressional intent to hold that the respondents in the present case could evade this requirement by the simple expedient of putting a different label on their pleadings." *Preiser,* 411 U.S. at 489-90. Plaintiff is demanding that the PSRB "immediately discontinue jurisdiction over Plaintiff"; that this Court declare that the "continued jurisdiction of the PSRP violates [constitutional principles]", and that this Court "enjoin the PSRB from exercising further authority, supervision, or legal control over [them]". (Reply, p. 17). That is a request for a speedier release from their imprisonment, for which the sole remedy is through a habeas corpus action.

Page 2 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN OPPOSITION
           JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

### B. The PSRB's policies and procedures are not in violation of the ADA.

Under *Olmstead v. L.C. g* 527 U.S. 581, 607(1999), the State is required to provide community-based treatment for persons with mental disabilities when the State's treatment professionals determine that such placement is appropriate, the affected persons do not oppose such treatment, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities. The State, through PSRB, has done just that. It has offered Plaintiff conditional releases to community-based facilities on two prior occasions. It has now done that a third time: in the last Commit Order, Plaintiff was deemed eligible for (another) conditional release, when space in a designated facility becomes available. (Commit Order, ECF 60.) *Olmstead* does not require the complete release of Plaintiff from PSRB's jurisdiction. That remedy can only be obtained through habeas corpus litigation.

### C. Plaintiff's Due Process rights have not been invaded.

Plaintiff's blunt assessment that *Foucha v. Louisiana*, 504 U.S. 71 (1992) requires a showing of both a mental illness and <u>current</u> dangerousness is too stark. The plaintiff in *Foucha* showed no signs of psychosis or neurosis but did have an antisocial personality, a condition that was not a mental disease and was untreatable. *Foucha v. Louisiana,* 504 U.S. 71, 75, (1992). Those are not the facts in this case. In this case, Plaintiff has stipulated they have a mental disease , and his treating physician acknowledged that if Plaintiff suffered "a full manic episode", there "would be a very high risk of a lot of different erratic behaviors and impulsive acts could occur, …including "inadvertent violence that occurs as a result of impulsive behavior …" (February 26, 2025 Hearing Transcript, ECF 50 at 48:02-48:21).

Page 3 -   DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN OPPOSITION
JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Plaintiff acknowledges they continue to require treatment for their mental disease. Defendant PSRB did not violate Plaintiff's constitutional rights by granting a conditional release where Plaintiff can continue to obtain and benefit from therapeutic treatment.

**D.  Plaintiff's claim for compensatory relief is extinguished by absolute immunity.**

Plaintiff has alleged a claim for damages. Defendants Bort and PSRB are absolutely immune from the claim for damages.

## CONCLUSION

Plaintiff's assignment to community-based care on a conditional release does not violate the Americans with Disabilities Act or the Due Process Claim under the Fourteenth Amendment. But Plaintiff seeks more. Because they seek a release from PSRB's jurisdiction, their sole remedy in federal court is through habeas corpus litigation. They have not exhausted their state remedies by seeking habeas relief in the proper state forum, so this federal action should be dismissed.

DATED June  27 , 2025.

Respectfully submitted,

DAN RAYFIELD
Attorney General


    s/ Jill Schneider
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON #132865
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.oregon.gov
James.Aaron@doj.oregon.gov
Of Attorneys for Defendants

Page 4 -    DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN OPPOSITION
           JS/bm6/966465644

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on June  27 , 2025, I served the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S REPLY IN OPPOSITION upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Preston Berman<br>2600 Center Street NE<br>Salem, OR 97301<br>    *Pro Se Plaintiff* | ___ HAND DELIVERY<br> X  MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>___ TELECOPY (FAX)<br> X  E-MAIL<br>___ E-SERVE |

    *s/ Jill Schneider*
JILL SCHNEIDER #001619
Senior Assistant Attorney General
JAMES M. AARON # 132865
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
Jill.Schneider@doj.oregon.gov
James.Aaron@doj.oregon.gov
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
JS/s5h/966466698