UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| PRESTON BERMAN, | Case No. 6:24-cv-01127-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| PSYCHIATRIC SECURITY REVIEW BOARD; ALISON BORT, *in her official capacity as Executive Director of the Oregon Psychiatric Security Review Board*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Preston Berman[1] filed this action against Defendants Psychiatric Security Review Board ("PSRB") and Alison Bort, alleging violations of Title II of the Americans with Disabilities Act ("ADA") and Plaintiff's right to Due Process under the Fourteenth Amendment. Before the Court is Defendants' Motion for Summary Judgment (ECF No. 69),[2] and Plaintiff's Motion for Preliminary Injunction (ECF No. 50), Supplemental Brief

---

[1] The Court uses they/them pronouns to refer to Plaintiff throughout this Opinion and Order because those are the pronouns most recently used by Plaintiff in their opposition to Defendants' motion.

[2] Defendants title their motion as a "Motion to Dismiss Amended Complaint" but "move for summary judgment dismissing all of Plaintiff's claims for relief for failure to state a claim" on summary judgment standards. Def. Mot. Dismiss Am. Compl. 1, 3. For that reason, the Court construes the Defendants' Motion, and refers to it, as a motion for summary judgment.

(ECF No. 67), and Response and Motion for Summary Judgment (ECF No. 70). For the following reasons, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

Plaintiff Preston Berman ("Plaintiff") is an individual who has been under the jurisdiction of the Oregon PSRB since being found guilty except for insanity for Arson I, Burglary II, and Reckless Burning in December 2010. Schneider Decl. III Ex. 1 ("Commit Order") 2, ¶ 1, ECF No. 60-1. Plaintiff has bipolar disorder and alleges that the crime underlying their commitment was a suicide attempt involving fire. Am. Compl. ¶¶ 8, 12, ECF No. 61. Plaintiff alleges that Defendants' failure to discharge or conditionally release Plaintiff violates their due process rights under § 1983 and discriminates against them based on disability under the ADA. Am. Compl. ¶¶ 103, 108, 111. Plaintiff seeks declaratory relief, injunctive relief, and compensatory damages. Am. Compl. 33-34. Plaintiff asks the Court to order their immediate discharge, or in the alternative, mandate their conditional release with their family in Florida. Am. Compl. 34

The PSRB has placed Plaintiff on conditional release on two occasions since 2010, revoking Plaintiff's release on each occasion. Schneider Decl. II, Exs. 5-8, ECF No. 23-1. Plaintiff has been segregated at Oregon State Hospital ("OSH") since October 2021. Am. Compl. ¶¶ 35-36. At Plaintiff's February 26, 2025, Revocation Hearing, they requested discharge from the PSRB's jurisdiction or in the alternative, conditional release. Commit Order 1.

Prior to the PSRB's determination, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary injunction, ECF No. 50. The Court denied Plaintiff's Motion for a Temporary Restraining Order but allowed for additional briefing on Plaintiff's Motion for a Preliminary Injunction. ECF No. 54.

In April 2025, The PSRB concluded that Plaintiff was a proper subject for conditional release but ordered that Plaintiff remain committed to a state hospital because the supervision

Page 2 — OPINION AND ORDER

and treatment necessary for their safe conditional release was unavailable. Commit Order at 7. The Court granted Plaintiff leave to file an amended complaint. ECF No. 58. Plaintiff experienced a mental health relapse near August 25, 2025, leading to their placement in a higher-acuity unit in OSH. Not. Regarding Prior Mot. & Current Status 2, ECF No. 77. OSH has recommended that Plaintiff return to a lower level of care. *Id.*

After reviewing the briefing and evidence presented relative to Plaintiff's Motion for a Preliminary Injunction, the Court concluded that the case appeared ripe for a decision on the merits and notified the parties to file supplemental briefing. *See, e.g.*, *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 n.4 (9th Cir. 1990) (The court may "convert a decision on a preliminary injunction into a final disposition of the merits by granting summary judgment on the basis of the factual record available at the preliminary injunction stage" provided it complies with the notice requirement of Rule 56.); *Del. State Sportsmen's Ass'n v. Del. Dep't Safety & Homeland Sec.*, 108 F.4th 194, 206 (3d Cir. 2024). The Court now considers the full scope of the party's briefing related to Plaintiff's Motion for a Preliminary Injunction, ECF No. 50, Plaintiff's Supplemental Brief, ECF No. 67, and Defendants' Motion for Summary Judgment, ECF No. 69, as cross motions for summary judgment.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

When parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the non-moving party in each instance the benefit of all reasonable inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790-91 (9th Cir. 2006) (quotation marks and citation omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) ("Cross-motions for summary judgment are evaluated separately under [the] same standard."). In evaluating the motions, "the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Thereafter, the non-moving party bears the burden of designating "specific facts demonstrating the existence of genuine issues for trial." *Id.* "This burden is not a light one." *Id.* The Supreme Court has directed that in such a situation, the non-moving party must do more than raise a "metaphysical doubt" as to the material facts at issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

Plaintiff alleges that continued confinement and treatment at OSH violates their due process rights and discriminates against them based on their disability under the ADA. Defendants move for summary judgment primarily on procedural grounds, arguing (1) Plaintiff's claim for damages under the ADA arises from actions of the Defendants that are protected by absolute immunity, (2) Plaintiff must bring their claims through a petition for the writ of habeas corpus, and (3) Plaintiff fails to state a claim. Because the Court finds that Defendants are entitled to absolute immunity and Plaintiff must bring their remaining claims through habeas corpus, the Court does not reach the merits of Plaintiff's claim.

**I.     Absolute Immunity**

Defendants argue that Plaintiff's damages claim is barred by absolute immunity. Plaintiff responds that their damages claim arises under Title II of the ADA, and Title II abrogates state sovereign immunity. But absolute, judicial immunity does not arise from the state sovereign immunity that Title II may abrogate. *Compare Forrester v. White*, 484 U.S. 219, 225-26 (1988) (discussing the roots of judicial immunity in English common law) *and Praggastis v. Clackamas County*, 305 Or. 419, 426 (1988) (recognizing the evolution of judicial immunity in the common law) *with United States v. Georgia*, 546 U.S. 151, 158-59 (2006) (holding that Title II abrogates state sovereign immunity for conduct that "*actually* violates the Fourteenth Amendment"); *see also Phiffer v. Oregon*, No. 10-1120, 2011 WL 7396602, at *5 (D. Or. Nov. 21, 2011) *adopted by* 2012 WL 529948 (D. Or. Feb. 17, 2012).

Absolute immunity applies to claims brought under the ADA. *See, e.g.*, *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (finding judge absolutely immune from reasonable accommodation claim under the ADA). The immunity reaches officials other than judges who make decisions "functional[ly] comparab[le]" to those of judges because they

Page 5 — OPINION AND ORDER

"'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993) (alteration in original) (quoting *Imbler v. Pachtman*, 424 U.S. 409, n.20 (1976)).

According to Defendants, Plaintiff's entitlement to relief flows from Defendants' decision to deny Plaintiff's release from jurisdiction. The decision to issue Plaintiff's jurisdictional discharge, like a decision to "grant, deny, or revoke parole" is "functionally comparable to tasks performed by judges." *See Swift v. California*, 384 F.3d 1184, 1190 (9th Cir. 2004); *see also Harmon v. State*, 320 Or. App. 406, 425 (2022) (finding that the PSRB is entitled to absolute immunity for its decision regarding whether to discharge an individual from its jurisdiction). As a result, Defendants are absolutely immune from Plaintiff's damages claim in so far as it results from the decision to deny Plaintiff's discharge.

Plaintiff also alleges that Defendants unnecessarily segregate them, deny them access to less restrictive environments at OSH, limit their food storage, personal electronics, and basic utilities, isolate them from digital communities and family. Am. Compl. ¶¶ 78, 80, 82, 84. These actions may seem more administrative than judicial, and therefore not barred by immunity. *See Harmon*, 320 Or. App. at 428 (holding that absolute immunity does not "sweep so broadly . . . that all . . . acts by OSH in the assessment and treatment of those committed to its care and under the jurisdiction of the PSRB are immunized"). But the Court finds no factual basis to conclude that Defendants created the complained of conditions other than by denying Plaintiff's discharge and release. Plaintiff relies on their PSRB hearing record, but that record does not provide involvement of Defendants outside of Defendant's quasi-judicial role in conducting Plaintiff's hearings and considering discharge. *See* Berman Decl. IV, ECF No. 65.

Plaintiff believes the conditions at OSH are discriminatory because "[t]he only viable, integrated setting supported by the treatment team [is] conditional release." Pl. Suppl. Br. Resp. Order & R. 56(f) Not. 22, ECF No. 67. In other words, Plaintiff claims that the conditions of their confinement are discriminatory because they are entitled to discharge or conditional release to Florida. *See* Berman Decl. III ¶ 5, ECF No. 51, Berman Decl. II ¶ 3, ECF No. 31. The conditions are therefore alleged as a consequence of Defendants decision to deny that discharge or release. Plaintiff's damages claim is accordingly barred by absolute immunity.

**II.    Whether Plaintiff's Claims Must Be Brought in Habeas**

Defendants argue that Plaintiff's claims must be brought through habeas corpus because Plaintiff challenges the length or fact of their confinement. Plaintiff frames their claims as "challenging systemic discrimination and procedural deficiencies that violate constitutional due process rights, rather than solely contesting the fact or duration of confinement." Pl. Reply Opp'n Defs.' Mot. Dismiss 2, ECF No. 70.

Where a person in custody pursuant to a state court judgment challenges "the fact or duration of their confinement," they must bring their claim via habeas corpus after first seeking state remedies. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1975)); 28 U.S.C. § 2254(b). Habeas corpus is the exclusive means whether the challenge directly seeks to invalidate the person's confinement or indirectly seeks relief "that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. The doctrine applies to patients in state hospitals. *See, e.g.*, *Huftile v. Miccio-Fonsecca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (applying habeas requirements to an individual subject to a civil commitment order); *Duncan v. Walker*, 533 U.S. 167, 176 (2001). ADA claims and § 1983 claims are equally subject to this analysis. *Bogovich v. Sandoval*, 189 F.3d 999, 1004 (9th Cir. 1999).

Where a successful claim would not necessarily lead to the Plaintiff's immediate or speedier release, it is not confined to habeas. *Wilkinson*, 544 U.S. at 82. In *Wilkinson*, two prisoners brought § 1983 claims against procedures used to determine their eligibility and suitability for parole, seeking new hearings. *Id.* at 77, 82. Because success on their claims, would lead, at most, to new review and consideration of their parole requests, their claims were not confined to habeas and could proceed under § 1983. *Id.* at 82.

A plaintiff may attack the decision-making process of the board considering their parole or release if the attack does not implicate the validity of their confinement. *Bogovich*, 189 F.3d at 1004. The *Bogovich* plaintiffs brought ADA claims against their parole board, arguing that considering their history of substance abuse in parole decisions violated the ADA. *Id.* at 1001. Because the plaintiffs' claims, if successful, would only require the board to alter its consideration of substance abuse as a parole factor in future decisions, they would not imply the invalidity of the plaintiff's continued confinement. *Id.* at 1003-04. As a result, the plaintiffs were not required to bring habeas actions instead of their ADA claims. *Id.* at 1004.

A.  **Claims for Injunctive and Declaratory Relief**

Plaintiff here, unlike the prisoners in *Wilkinson*, does not request a new hearing to remedy an alleged procedural error. They instead ask the Court to order their "immediate discharge" or conditional release and declare that Defendant PSRB's decision to deny Plaintiff conditional release violates the ADA. Pl. Mot. TRO & Prelim. Injunction 10, ECF No. 50.

Plaintiff's claims are also distinguishable from the claims in *Bogovich*. Plaintiff's requested injunctive relief under the ADA is not future hearings in which Defendants must alter the criteria to determine Plaintiff's eligibility for discharge. Plaintiff instead asks the Court to compel the PSRB to order their immediate discharge or to implement a conditional release plan allowing for an integrated setting with their family in Florida. Am. Compl. 28, 33.

Though not directly invalidating Plaintiff's GEI sentence, this relief would necessarily imply that Plaintiff's custody at OSH is unlawful. Plaintiff's claims seeking discharge and conditional release must therefore be brought under habeas corpus. Because Plaintiff seeks discharge for their due process claim and parts of their ADA claims, Am. Compl. 34, those claims must be brought in habeas. Plaintiff's claim for declaratory relief that the PSRB's decision to deny their jurisdictional discharge violated the ADA would also necessarily imply that their custody is unlawful; therefore, that claim must also be brought under habeas corpus.

### B.  Exhaustion

A person in the custody of a state must exhaust available state judicial remedies before a federal court will hear their petition for the writ of habeas corpus. *Picard v. Connor*, 404 U.S. 270, 275 (1971). As a result, a person confined under state custody must "present the state courts with the same claim he urges upon the federal courts." *Id.* at 276. Because the exhaustion doctrine aims to give the state courts a fair opportunity to hear that claim, the individual must use the state's appellate review process before bringing their claim in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Defendants, incorporating their prior briefing, argue that Plaintiff has not exhausted their remedies because Plaintiff did not utilize the administrative or appellate scheme of review for the PSRB's decision to deny discharge. *See* ORS §§ 161.348 (allowing for judicial review of a final order of the PSRB in the Oregon Court of Appeals), 161.346 (setting forth hearing procedures). Plaintiff's amended complaint does not allege that Plaintiff has exhausted their remedies or sought review in the Oregon Court of Appeals of the Defendants actions, and Plaintiff produces no evidence to that effect. As a result, Plaintiff's claims seeking immediate discharge and declaratory relief are dismissed without prejudice.

### III.    Plaintiff's Arguments

Pursuant to its Order, ECF No. 66, the Court construes Plaintiff's Motion for a Preliminary Injunction, ECF No. 50, Plaintiff's Supplemental Brief, ECF No. 67, and Plaintiff's summary judgment motion raised in its Response to Defendants' Motion, ECF No. 70, as a cross-motion for summary judgment. Because the Court grants summary judgment for Defendants on Plaintiff's due process claim and ADA claim on procedural grounds, the Court does not reach Plaintiff's cross-motion, which is based on the merits.

### CONCLUSION

For the reasons discussed above, Defendants' Motion (ECF No. 69) is GRANTED. Plaintiff's Motions (ECF Nos. 50, 67, 70) are DENIED. This case is dismissed without prejudice.[3]

DATED this 3rd day of November 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

---

[3] *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (affirming summary judgment and dismissal without prejudice of § 1983 claims that should have been brought through habeas).